STATE *versus* PIKE.

In order to a recovery of the threefold damage, allowed by the statute, chap. 162, sec. 13, for the wilful destruction of property, it is not a prerequisite, that the defendant should have been convicted of the offence, in a criminal prosecution.

In a criminal prosecution under R. S. chap. 162, sec. 13, for wilfully destroying property, the party injured may therefore be a witness for the state.

In a criminal prosecution, under R. S. chap. 162, sec. 13. for wilfully destroying the property of a person without his consent, it is immaterial whether the property came rightfully or wrongfully into possession of the defendant. A wrongful taking is not an essential ingredient in that class of offences.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

INDICTMENT for wilfully and maliciously destroying two promissory notes, belonging to one Putnam.

Putnam was offered as a witness for the State. He was objected to, on the ground of interest, but was admitted. He testified *that* he and the defendant had been copartners; *that* he held two notes against the defendant, which were the property of the witness; *that*, on going a journey, he lodged his pocketbook, containing the notes and other papers, with the defendant for safe keeping, the defendant promising to redeliver the same upon the witness' return; *that*, after returning from the journey, he called upon the defendant for the pocketbook, notes, and the other papers; *that* the defendant delivered him the pocketbook and papers, except the two notes; *that* upon being questioned as to the notes, the defendant said, "you cannot have them," "they are not in being, for I have destroyed them;" *that* the defendant refused to give any security for them, saying, he had got the staff in his own hands, and meant to keep it there, because the witness could not prove that he, the defendant, ever owed him a dollar, or that he had ever withheld any notes from him.

The defendant's counsel requested instruction to the jury, that the indictment was not sustained.

The Judge instructed the jury, that "if the pocketbook,

and notes were left with the defendant, in manner and condition, as testified to by Putnam; and, if afterwards, in Putnam's absence, and without his knowledge or consent, the defendant destroyed the notes, as alleged in the indictment, the indictment can be sustained." The defendant excepted.

*Cutting,* for the defendant.

1. Putnam was wrongfully admitted as a witness; for upon the defendant's conviction, a liability is created upon the defendant *as a part of the penalty,* to pay to him three times the value of the property. R. S. chap. 162, sec. 13. This threefold penalty does not attach until after conviction. A judgment, therefore, in this case is necessary, in order to give to the witness a right to recover that penalty. *Belknap* v. *Milliken,* 23 Maine, 381. *Boody* v. *Keating,* 4 Maine, 164. The statute of 1844, giving a civil remedy prior to conviction, applies to larcenies only, and gives but single damage.

The admission of a witness, so situated, could but give a terrific encouragement to perjuries.

2. The omission to return the notes was not a crime; it was merely the breach of a contract. *Commonwealth* v. *Hearsey,* 1 Mass. 137.

In order to support this indictment, it must be shown that the possession of the notes by the defendant was obtained wrongfully. But, in fact, his possession was rightful, having been obtained upon a contract with the owner himself.

*Appleton,* for the State.

WELLS, J., orally. — The testimony of Putnam is objected to, upon the ground that a conviction upon this indictment, and nothing but that, would put him in a condition to recover the threefold damage, allowed by the statute, to the injured party. If this be a sound legal position, Putnam would certainly have an interest in this trial. But such is not the just construction of the statute. Putnam's right to recover does not depend upon a previous conviction of the defendant. In a suit by him for the threefold damage, the verdict in this

prosecution could not be used as evidence. His testimony was therefore admitted legally.

An objection is also taken to the indictment, that it alleges no crime, but simply a breach of trust.

In charges of larceny, a wrongful taking must be alleged.

But to constitute the crime of wrongfully destroying property, without the consent of the owner, it is not necessary that the possession of the property was wrongful. The statute intimates no such necessity. The offence may be equally committed, whether the possession in the defendant was by right, or by wrong. *Exceptions overruled.*

*Case remanded to the District Court.*