## GEORGE SATTLER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*return of indictment into open court.* Before a party can be legally tried on an indictment, it must appear from the record, that the indictment was returned by the Grand Jury into open court. Such fact not appearing in the record, a motion in arrest of judgment should be · allowed.

2. THE MINUTES OF THE JUDGE are no part of the record, and although they show the indictment to have been so returned, that does not have the force or effect of a record.

3. MALICIOUS MISCHIEF—*what constitutes.* Upon the trial of a party on an indictment for malicious mischief, it appeared there was a controversy between the prosecutors and the defendant, in regard to the possession of a certain lot of ground, the defendant being in the actual possession. Upon the prosecutors attempting to run a division fence across the lot, the defendant took up the posts and tore off the boards, while the fence was in process of erection, and forbade them from making the fence, protesting they had no right to do so, and that he was paying rent for the whole of the premises : *Held,* an instruction offered by the defendant, that if the jury believed, from the evidence, he was in possession of the premises and paying rent, they should find him not guilty, should have been given. The statute in regard to malicious mischief, (R. S. Ch. 30,) does not apply to cases of this kind, where opposition is made by a claimant of premises of ·which he is in actual possession, to the erection of a fence across the same without his consent.

4. VENUE—*in criminal cases, must be proved.* The failure, in a criminal case, to prove the county in which the offense was committed, is fatal to a conviction.

WRIT OF ERROR to the Circuit Court of Clinton county ; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a prosecution for malicious mischief. The indictment charges the defendant with maliciously breaking, tearing, and pulling down a plank and post fence, and destroying the same. It appears, the fence so alleged to have been torn down and destroyed, was in process of erection by the prosecuting witnesses, across a lot of ground in the actual possession of the defendant, and which he claimed he was entitled

to as their lessee. The prosecutors contended he was only entitled to a part of the premises.

Mr. G. VAN HOOREBEKE, for the plaintiff in error.

Mr. WASHINGTON BUSHNELL, Attorney General, for the people.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the Clinton circuit court, for malicious mischief, and a verdict of guilty and a fine imposed.

To reverse this judgment defendant brings the record to this court, assigning for error, that his motion in arrest of judgment was overruled, and the refusal of the court to give the instruction asked on his behalf.

These points we are of opinion are well taken. The record does not show that the indictment was brought into court by the Grand Jury. There is nothing tending to show this but the minutes of the judge, which he is not required to keep, and which he does keep for his own convenience merely, and have not the force or effect of a record. It is admitted, the clerk of the court made no entry on his minutes of the fact. *McCormick* v. *Wheeler et al.* 36 Ill. 114.

It was held by this court in *Gardner* v. *The People*, 20 ib. 430, that before any party can be tried on an indictment, it must appear from the record that it was returned into open court. This fact does not appear, and being absent the judgment should have been arrested.

It would appear from the evidence, there was a controversy between the prosecutors and the defendant, as to the possession of this lot, the defendant being in actual possession, and on the prosecutors attempting to run a division fence across it the defendant took up the posts and tore off the boards, while the fence was in process of construction. The defendant forbade them from making the fence, protesting they had no right so to do, and that he was paying rent for the whole premises.

In this view the defendant asked this instruction, which the court refused:

"If the jury believe, from the evidence, that defendant was in possession of the premises and paying rent, they should find him not guilty."

We think this instruction should have been given. The statute in regard to malicious mischief, (R. S. Ch. 30,) does not apply to cases of this kind, where opposition is made by a claimant of premises of which he is in actual possession, to the erection of a fence across the same without his consent.

There seems to be a defect in the proof as to the county in which the offense was committed. This is fatal. *Price* v. *The People,* 38 ib. 436.

For the reasons given, the judgment must be reversed and the cause remanded.

*Judgment reversed.*