## THORNELL V. PEOPLE.

1. It is error to put a defendant on trial on an indictment which was not returned in open court, and this can only be shown by the record.
2. Where defendant was indicted for embezzling the funds of a corporation of which he was treasurer, evidence that he was directed

to pay a certain debt in full before paying other claims, and that he disobeyed the direction, was inadmissible as irrelevant, and tending to prejudice the jury.

3. A failure, on the trial of an indictment, to show where or in what county the offense was committed, is fatal.

*Error to District Court of El Paso County.*

THE facts are stated in the opinion.

Mr. E. O. WOLCOTT, for plaintiff in error.

ALVIN MARSH, Attorney-General, and Messrs. C. A. WILKIN, District Attorney, and F. H. THOMAS, for defendant in error.

DE FRANCE, C. The plaintiff in error, Thornell, was tried in the district court of El Paso county, at the April term, 1885, of said court, on a charge of embezzlement, and was convicted and sentenced to imprisonment in the state penitentiary for the period of one year. At the close of the testimony for the people the plaintiff in error moved the court to direct the jury to return a verdict of acquittal, on the ground that no case had been made against him; but the court refused so to do. He afterwards moved for a new trial; and, this motion being denied, then moved in arrest of judgment, which motion was also denied. The record in this case is very imperfect. A certified copy of a bill of indictment against William R. Thornell is annexed to the record. It may, perhaps, be presumed to be the same upon which conviction was had, but it should have been embodied in the record. The indorsements thereon, if any, are not shown, and we have no knowledge as to whether the indictment was indorsed, " A true bill," and signed by the foreman of the grand jury which found the same or not. What effect should be given to such defects we need not say, as there are other errors upon which the case must be reversed.

The record fails to show that the indictment was returned into court while in session. "It is error to put a defendant on trial on an indictment unless it is returned into open court, and the only evidence of that fact must be found in the record of the case." *Gardner v. People*, 20 Ill. 430, and cases there cited; *Sattler v. People*, 59 Ill. 68; Bish. Crim. Proc. (3d ed.) § 1355, and authorities cited in note 1.

We find, in examining the evidence, that no testimony was given as to where or in what county the offense was committed. For aught that appears in the record, the offense may have been committed in another state, if committed at all. This error is fatal.

While the first count of the indictment, upon which the conviction was had, falls short of reaching the standard required by some very able and respectable authorities, and cannot be recommended as a model by any means, yet we are not prepared to say that it is insufficient to support a judgment of conviction under our law and practice.

The charge is for embezzling a certain sum of money belonging to a corporation called the "Colorado Springs Athletic Association," while the treasurer thereof. The court allowed the people to prove, over the defendant's objections, that the directors of said association directed the defendant to pay a certain claim of indebtedness against said association before paying any other claim, and that he disobeyed this order of the directors by paying out some of the money in his hands on another claim before paying the claim in full which he was so directed to pay. We think this evidence was not pertinent, and that it may have had a tendency to prejudice the jury. It should be excluded upon another trial.

For the reasons above stated, that the record contains no recital that the indictment was returned into open court, and that it was not shown in what county the of-

fense charged was committed, the judgment should be reversed.

STALLCUP and RISING, CC., concur.

PER CURIAM.   For the reasons assigned in the forego🟊 ing opinion the judgment is reversed and the cause remanded.

*Reversed.*