[No. 7985]

## Mayn v. The People.

CRIMINAL LAW—*Malicious Mischief*—In a prosecution under Rev. Stat. Sec. 1874, for injury occasioned to a public bridge, there can be no conviction, unless malice or an evil intention on the part of the accused appears. The statute has not the effect to make the mere intentional doing of an unlawful act a crime, independent of any evil purpose. The act of 1903 (Rev. Stat. Secs. 5831, 5832), has no part in such prosecution.

*Error to La Plata County Court.*—Hon. Richard McCloud, Judge.

*Judgment reversed.*

Messrs. Perkins & Main, for plaintiff in error.

Hon. Fred Farrar, Attorney General, and Mr. Frank C. West, Assistant Attorney General, for the people.

Mr. Justice Garrigues delivered the opinion of the court.

1. Defendant owned and operated a threshing machine which, in his work, was transported from place to

place with a traction engine. November 1, 1912, he attempted to drive the engine across a public bridge without planking it, and the weight damaged the bridge. He was arrested, tried and convicted on an information drawn under an act of the legislature entitled, "An act concerning the offense of malicious mischief." S. L. 1889, p. 214, which provides, that if any person shall wilfully and maliciously break down, level, demolish or otherwise destroy or damage any bridge, he shall on conviction be punished as provided by the act. (R. S. 1908, § 1874.)

The information charges that defendant wantonly, wilfully, maliciously and unlawfully broke down, injured and damaged a bridge, the property of La Plata county, by driving and transporting a steam threshing engine and machine over and upon it without protecting it with planks, which was necessary, and damaged it in the sum of $90.00.

2. There is no dispute about the material facts. In 1912, the county commissioners erected a cable or suspension bridge across Pine river. In November, defendant, while trying to cross it with a traction engine, cracked three of the stringers. There is no direct evidence of malice or evil design or intention, nor any facts from which they might be implied, and they are eliminated from the case. The attorney general makes no claim that the evidence shows any malicious intent to damage the bridge. Before driving onto it defendant and his engineer went under the bridge, made a personal inspection, and honestly believed they could safely cross. Besides, it is natural for every person to protect his life, and guard his property from damage, and it does not seem reasonable that the defendant would drive upon the bridge with the evil intent of breaking it down. Supporting defendant's theory that it was an accident, the

uncontradicted evidence shows that at the point where the damage occurred, one of the supporting rods suspended from the cable through an I-beam which supports the stringers, had slipped on the cable and dropped through the I-beam several inches, so that it was without any support from the rod, which weakened the bridge.

3. The information evidently was drawn, the case tried, conviction had, and sentence pronounced, on the theory that if the defendant omitted a duty imposed by statute, in not planking the bridge, which resulted in its injury, that he was guilty of malicious mischief, regardless of evil intent. The court refused all instructions on the questions of accident, good faith, evil design or intention. It gave as one instruction section 5831, R. S. 1908, regarding the planking of bridges, and told the jury that unlawful meant contrary to law, without authority of law; and implies that the act was not done as the law allows or requires. The theory was, that if it was unlawful to cross the bridge without planking it, which resulted in the damage, defendant was guilty of malicious mischief because the act was unlawful, regardless of evil intent. Defendant requested instructions substantially as follows, which were refused by the court: The statute under which this prosecution is brought is entitled "An act concerning malicious mischief," and before you can find the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that in doing the act complained of, he was moved by wanton and malicious intent or purpose to injure the bridge, and if you find from the evidence that the injury complained of was the result of a mistake in judgment, without any intent to injure or destroy the bridge, you must acquit the defendant. If the defendant in the exercise of his honest judgment believed it was not necessary to plank the bridge, he cannot be held to be criminally liable for a mistake in judgment, unaccompanied by any intentional violation of

the law. In order to convict the defendant, you must be satisfied from the evidence beyond a reasonable doubt that the injury to the bridge was caused by the wilful act of the defendant, and if you find that it was caused by any defect in the construction or the condition of the bridge, you will acquit him. We cannot approve of the theory adopted by the prosecution.

4. In 1903, the legislature passed the following statute:

"Section 1. It shall be the duty of all persons, associations and corporations operating steam threshing machines or vehicles, or using the public roads for transporting such machines, or other heavy machinery, to use a sufficient number of heavy planks, wherever necessary, to protect all sidewalks, bridges, culverts and causeways from being broken by said steam threshing machines, or other heavy machinery, in passing over the same."

"Sec. 2. If any person, association or corporation shall purposely destroy or injure any sidewalk, bridge, culvert or causeway, or remove any of the timber or plank thereof, or obstruct the same, he shall forfeit a sum of not less than one hundred dollars, nor more than three hundred dollars; and shall be liable for all damages occasioned thereby and for all necessary costs for rebuilding or repairing the same. And all forfeitures and sums of money recovered under this act shall be turned into the county road fund." S. L. 1903, p. 410.

The defendant seems to have been tried for violating the above statute imposing only a civil liability, and sentenced for violating the malicious mischief act, imposing a criminal liability. The mere intentional doing of an act prohibited by statute, or omitting the performance of a statutory duty, does not alone constitute malici-

ous mischief, though it may damage the property of another. The malicious mischief statute is criminal, and it is not its province to make simply the intentional doing of an unlawful act, which injures another's property, a crime independent of any evil purpose or intention. The bridge statute given to the jury carries with it its own penalty which is civil, and had no place in the trial of this case.

Judgment reversed and cause remanded with directions to dismiss.

*Reversed and remanded with directions.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.