No. 10,247.

KOCH *v*. THE PEOPLE.

Decided February 6, 1922.

Plaintiff in error was convicted of malicious mischief.

*Reversed.*

*On Application for Supersedeas.*

1. MALICIOUS MISCHIEF—*Intent.* The malicious mischief statute is criminal and it is not its province to make simply the intentional doing of an unlawful act, which injures another's property, a crime, independent of any evil purpose or intention.

    The statute does not apply to the pulling down of a fence by defendant, erected across land claimed by him and in his possession, without his consent.

*Error to the County Court of Fremont County, Hon. Kent L. Eldred, Judge.*

Mr. ORION W. LOCKE, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error (hereinafter referred to as defendant) was convicted and sentenced on a charge of malicious mischief under section 1874, R. S. 1908. The act, charged and admitted, was the cutting and pulling down of a certain fence belonging to, and erected by, the prosecuting witness Lemons. To review that judgment defendant brings error and asks the issuance of a supersedeas.

Defendant was in charge of the property of his mother and acting under the direction of his parents. The land of Lemons joined that of Mrs. Koch. The line between them had been for years in dispute and unsettled. Mrs. Koch and her predecessors in interest had, however, during all this time retained possession of the strip in controversy and had cultivated a portion of it. The old fence, standing on the line thus long acquiesced in, had fallen into bad condition. Lemons rebuilt this fence on the line claimed by him, and defendant cut it. Defendant's motion for a directed verdict was overruled. The question of the existence of malice was submitted to the jury. There was no evidence of malice save what might be inferred from the foregoing. This was insufficient to support the charge.

"The mere intentional doing of an act prohibited by statute, or omitting the performance of a statutory duty, does not alone constitute malicious mischief, though it may damage the property of another. The malicious mischief statute is criminal, and it is not its province to make simply the intentional doing of an unlawful act, which injures another's property, a crime independent of any evil purpose or intention." *Mayn v. People,* 56 Colo. 170, 173, 136 Pac. 1016, 1017.

Under a state of facts almost identical and considering the element of malice it was said:

"The statute in regard to malicious mischief, does not apply to cases of this kind, where opposition is made by a claimant of premises of which he is in actual possession, to the erection of a fence across the same without his consent." *Sattler v. People*, 59 Ill. 68, 70.

The motion for a directed verdict should have been sustained. The judgment is reversed with directions to discharge the defendant.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE ALLEN and MR. JUSTICE BAILEY not participating.