## City of Chicago, Appellee, v. Israel J. Holmes, Appellant.

### Gen. No. 27,347.

1. CRIMES AND PUNISHMENT—*punishment for violation of ordinance limited to that therein provided.* In a prosecution for violation of a city ordinance making it unlawful for any person to purchase any firearms that can be concealed upon the person without first securing a permit from the proper officer, it is error to order confiscation of the weapon where the ordinance does not provide for confiscation.

2. CRIMINAL PROCEDURE—*venue of offense must be proven.* In a prosecution for a violation of an ordinance of the city of Chicago, it is essential to a valid judgment of conviction that it be proven that the offense charged was committed in such city.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed October 30, 1922.

POLLARD, JACKSON & JOHNSON, for appellant.

LOUIS P. PIQUETT, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

This is an appeal from a judgment of the municipal court of the City of Chicago.

The defendant was charged in the trial court with having purchased "at the City of Chicago" a revolver in violation of section 5 of an ordinance passed by the City Council May 11, 1914. This ordinance provides that it shall be "unlawful for any person to purchase any pistol, revolver * * * which can be concealed upon the person, without first securing a permit from the Superintendent of Police so to do." Section 8 provides for a violation of the ordinance a fine of not less than $50 nor more than $200.

On a hearing the court imposed upon defendant a

fine of $50 and costs and it ordered a confiscation of the weapon. No appearance has been filed in this court on behalf of appellee. It is our opinion that the judgment must be reversed for at least two reasons, first, the ordinance introduced in evidence does not provide for a confiscation of the weapon said to have been purchased by the defendant, and this part of the judgment, at least so far as the record before us discloses, was error; second, no attempt was made to show at the trial that the offense charged was committed in the City of Chicago. *Sattler v. People,* 59 Ill. 68; Wharton on Criminal Law (8th Ed.), sec. 278. It is well-settled law that it must appear affirmatively that the alleged violation of the ordinance introduced in evidence was committed within the City of Chicago. *Dougherty v. People,* 118 Ill. 162.

Other questions raised in the brief of counsel need not be discussed in this opinion as no doubt a somewhat different record will be made upon another trial of the case.

The judgment of the municipal court is reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.