No. 13,632.

SCHTUL v. THE PEOPLE.
(40 P. [2d] 970)

Decided January 28, 1935.

218

Mr. Isaac Mellman, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Charles H. Queary, Assistant, for the people.

*In Department.*

Mr. Justice Young delivered the opinion of the court.

The plaintiff in error was defendant below and will be so designated in this opinion. The defendant in error will be referred to as the people.

The statute under which defendant was charged is section 6974, Compiled Laws of 1921. So far as material that statute reads as follows: "6974. * * * Sec. 342. If any person shall wilfully and maliciously cut down, break down, level, demolish or otherwise destroy or damage any bridge, embankment, mill-dam or ditch, being the property of another; * * * or shall cut, pull down or destroy any gatepost, railing or fence; * * * or shall wantonly, unlawfully, wilfully or maliciously destroy or injure the personal or real property of another by any means not particularly mentioned or described in this act, when the damage to the real or personal property destroyed or injured shall be twenty dollars or less, shall on convic-

tion, be punished by a fine not exceeding one hundred dollars, or imprisonment in the county jail not more than three months, or both such fine and imprisonment, in the discretion of the court; * * *.''

The malicious mischief charged was that defendant cut the fence of the complaining witness Wedemeyer. The trial was to the court. The defendant was found guilty and a fine of $10 assessed against him. He brings the case here on writ of error.

The evidence is conflicting, but since the defendant was found guilty, we shall assume that the court found the facts in the case to be as claimed by the people.

So far as necessary to a determination of this case, the facts shown by the people's evidence are: That there was a heavy snow on the ground; that defendant was driving his tractor along the road north of Wedemeyer's section of land, where he was stuck for a time in the snow; that when he came to the northeast corner of Wedemeyer's section, he turned into a gate, drove down the east fence line of the Wedemeyer section and cut the fence which belonged to Wedemeyer and separated Wedemeyer's land from the land which belonged to the defendant adjoining it on the south.

At the close of the people's case the defendant moved for a finding of not guilty, raising the same question, among others, as is set out in the seventh assignment of error, namely, that there was an utter failure on the part of the people to prove that the act was done maliciously, as required by the statute. A determination of this question is determinative of the case and we shall consider no other assignment of error.

There is no question that malice is one of the essential elements of the crime of malicious mischief. The Attorney General in his brief admits this, but contends that it need not be directly proved but may be implied from the nature of the act; the relation existing between the defendant and the complaining witness, and from all the circumstances of the case. He quotes the following

general statement of the law: "The usual rules of criminal proceedings as to presumptions and burden of proof are applicable to prosecutions for malicious mischief. As a general rule, malice need not be expressly proved, but may be implied or inferred from the act or the manner of committing the act, as from the instrument used, or the willfullness, wantonness, cruelty, or recklessness of the deed, but not where it is not done wilfully. Malice may be also inferred from the relation existing between defendant and the owner of the property injured or destroyed. * * *" 38 C. J., p. 373, §33.

With this statement of the law we do not disagree. Malice is a state of mind which rarely can be proved otherwise than by circumstances surrounding the commission of an act.

▆ Assuming that the fence was cut by the defendant, as the trial court evidently found, let us consider the surrounding circumstances under which the act was committed. Defendant was out with his tractor in a deep snow. He was stuck along the north road for a considerable time. He turned into Wedemeyer's land at a point where he could proceed directly to his own place, and traveled there by the shortest route possible. He cut the wires and drove the tractor through to his own land. There is no evidence in the record of any quarrel or previous hard feeling between the defendant and the complaining witness. There is no evidence, outside of the act itself, of a desire to do the complaining witness any injury. The surrounding facts show strongly that the defendant was out with an unwieldy and cumbersome piece of machinery, taking the shortest route to his home. Getting the tractor to his own place was his principal objective, to which the cutting of the wires was only incidental.

In *State v. Johnson,* 7 Wyo. 512, 54 Pac. 502, a case where malicious trespass was charged for driving sheep across uninclosed lands to a railway station, the court quotes with approval the following from *Commonwealth v. Williams,* 110 Mass. 401: "The jury must be satisfied

that the injury was done out of a spirit of cruelty, hostility, or revenge. This element must exist in all those injuries to real or personal property which are enumerated and made criminal in the several statutes. The injury must not only be willful, that is intentional and by design, as distinguished from that which is thoughtless or accidental, but it must in addition be malicious in the sense above given. The willful doing of an unlawful act without excuse, which is ordinarily sufficient to establish criminal malice, is not alone sufficient under these statutes. The act, although intentional and unlawful, is nothing more than a civil injury, unless accompanied with that special malice which the words 'willful and malicious' imply." Later in the opinion in the same case the Wyoming court uses these words: "And it seems to be generally held that in order to bring an offense under the head of malicious mischief it must appear that the mischief was itself the object of the act, and not that it was incidental to some other act lawful or unlawful."

The following statements of the law are found in Corpus Juris: "A spirit of cruelty, hostility or revenge must exist; it is not sufficient that the act be one which is prohibited by law, willfully done and without lawful excuse." 38 C. J., p. 360, note 45.

"Neither the mere concealment of the crime, the omitting of the performance of a statutory duty, nor the mere intentional doing of an act prohibited by statute, constitutes malicious mischief, although it may damage the property of another; but where a statute so provides, a conspiracy with a fraudulent or malicious intent wrongfully to injure the property of another is punishable. The mischief must be the direct object of the act, and not incidental to some other lawful or unlawful act, or must be the natural consequence of the act." 38 C. J., p. 363, §8.

■ To the same effect is the holding of this court: "The mere intentional doing of an act prohibited by statute, or omitting the performance of a statutory duty, does not alone constitute malicious mischief, though it

may damage the property of another. The malicious mischief statute is criminal, and it is not its province to make simply the intentional doing of an unlawful act, which injures another's property, a crime independent of any evil purpose or intention." *Mayn v. People,* 56 Colo. 170, 136 Pac. 1016, cited with approval in *Koch v. People,* 71 Colo. 119, 120, 204 Pac. 332.

 To uphold the judgment of the trial court against the objection made, it must of necessity appear either that there was express malice on the part of the defendant against the complaining witness or that the act committed under the circumstances shown in the record is of such character that it reasonably may be implied that defendant was actuated by a desire to injure the complaining witness by cutting his fence. There is no evidence of express malice, nor do we think that on the record in this case such malice as the statute contemplates can be implied. The motion at the close of the people's case should have been sustained.

The judgment is reversed and the cause remanded with directions to discharge the defendant.

MR. JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK concurring.