No. 13,861.

JONES *v.* THE PEOPLE.
(54 P. [2d] 686)

Decided February 3, 1936.

Mr. J. F. MEADOR, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

UPON an information charging plaintiff in error, defendant below, with trespass, he was tried and found guilty by the court, sitting without a jury, and a fine of $50 imposed. He is here on writ of error.

The information charges that defendant, on or about the 30th day of January, 1935, within the county of Rio Blanco, ''did then and there unlawfully and wilfully

commit a trespass by entering with a band of sheep upon the improved and enclosed land of Melva Knapp without the permission of the said Melva Knapp, she, the said Melva Knapp, then and there being the owner thereof, and did then and there unlawfully and wilfully cause to be grazed and thereby did wilfully take, destroy and carry away the grass and vegetation then and there being and growing, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the same People of the State of Colorado.''

The district attorney stated to the court that the information charges a misdemeanor under section 6987 of the Compiled Laws of 1921, which is as follows: ''Every person, who shall wilfully commit any trespass by entering upon the garden, orchard, or other improved and enclosed land of another, without the permission of the owner thereof, and shall wilfully cut, or otherwise dissever, and take and carry away or destroy or injure the grain, grass, hay, fruit or vegetables there growing or being, shall, upon conviction thereof, be guilty of a misdemeanor, and shall be punished by imprisonment in the county jail not more than thirty days, or by fine not exceeding one hundred dollars, or both.''

Briefly stated, the undisputed material facts are these: Defendant was the owner of a band of about 2,000 sheep which he was herding in the locality of the Knapp land, which was enclosed by a three-wire fence. Other bands of sheep were being herded in the same locality. Part of the time in question defendant was in personal charge of the sheep and at another time they were attended by an employee. According to the custom prevailing in such herding and grazing matters, the sheep, as they grazed, were moved from day to day and bedded at night. It appears that defendant and his helper were moving them near the fence on the south boundary of the Knapp land. The eyewitnesses testified, in effect, that during the time the attendant was talking with them, an hour or more, some of the sheep strayed under the wire fence

and onto the Knapp land, and that after the attendant had carelessly allowed this to occur, he drove the sheep from the enclosed tract. Defendant admitted this occurrence, but asserted that he removed the sheep as soon as practicable. Knapp testified that he found sheep tracks on over about 200 acres of his land upon which land sheep had been grazed. A further recital of the evidence is unnecessary.

Unquestionably, the record establishes nothing more than what might be termed a negligent trespass. There is not the slightest showing that the negligence was accompanied by a wilful act or that it involved an intent to do an unlawful act injurious to another's property; consequently the evidence does not support the charge that the defendant "did then and there unlawfully and wilfully commit a trespass * * *." Neither does it even tend to show that the careless act was prompted by hostility, revenge or design. Before a criminal offense in cases of this character can be established, it must appear that the object of the act was actual mischief or an intended trespass. In this case the act and injury were incidental to negligence. We believe the principles announced in *Schtul v. People,* 96 Colo. 217, 40 P. (2d) 970, are controlling. The attorney general, representing the people, candidly states that he cannot honestly urge that the judgment in this case was correct.

Judgment reversed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.