People of the State of Illinois ex rel. David Wilson, Defendant in Error, v. David Mills, Plaintiff in Error.

Gen. No. 41,462.

504

Opinion filed February 26, 1941.

DITCHBURNE & LOUNSBURY, of Chicago, for plaintiff in error; HARRY S. DITCHBURNE and NICHOLAS J. BOHLING, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER and MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The defendant was charged, by information filed in the municipal court of Chicago, with feloniously, unlawfully, wilfully and maliciously destroying a front porch on premises alleged to be located at 4814 North Bernard street, in the city of Chicago, and it was further alleged in the information that the ''goods and chattels of David Wilson of the value of $15.00'' were destroyed without the consent of said David Wilson. Defendant pleaded not guilty, waived a jury, and the case was tried by the court without a jury. Defendant was found guilty in manner and form as charged in the information, value of the property destroyed found

to be $14.50, and judgment on the finding was that defendant was "guilty of the criminal offense of unlawfully and maliciously destroying or damaging the property of another without the consent of the owner thereof." Defendant was fined $75 and costs, and now prosecutes this writ of error.

The evidence presented by the plaintiff consisted of the testimony of Harold Wilson, son of David Wilson, David Wilson, the prosecuting witness, and his daughter, Pauline Wilson, and 2 photographs. Defendant's evidence consisted of the testimony of the wife of the defendant and that of the defendant himself.

The facts, as they are called to the attention of this court, are that the defendant was charged with maliciously destroying the front porch on the premises of the complaining witness. Defendant lived with his family at 4818 North Bernard street, and David Wilson, complaining witness, lived with his family at 4814 North Bernard street, which was immediately adjoining. On March 7, 1940, defendant tore or broke down portions of the front porch of the complaining witness' house which, defendant contended, encroached over the line of defendant's property. Harold Wilson, son of complaining witness, testified that he heard a loud noise, looked out of the window and saw defendant using a sledge hammer knocking away the pickets and tearing down the posts. That defendant knocked down the posts and destroyed the pickets, threw the debris into the yard, and said to the witness "there you are with your law." The complaining witness, David Wilson, testified that the porch fence was a 40-foot fence made of fancy pickets joining the top and bottom rails and in removing the posts defendant had cracked some of the concrete, and that the value of the posts was $10 and the rails and pickets $65 to $75. Pauline Wilson, daughter of complaining witness, testified similarly to the act of the defendant in breaking down portions of the porch.

The defendant, in his testimony, limited the amount of property removed to "four posts and banister," and swore that the same posts that were claimed to have been broken were later placed back where they had been. Defendant testified "that is all I removed. I removed not a thing from his side of the line." Defendant denied making the statement to Harold Wilson of "there goes the law" or any such statement.

As the trial progressed, defendant's counsel was asked by the court to state the theory of the defense, defendant's counsel stating that the porch was over defendant's property line and that if the prosecuting witness' posts were over defendant's line, defendant had a right to remove them. The court stated that a case had been made out and that the defendant had no reason for taking the law into his own hands, and said that "even if the porch was over his line, . . . his remedy would be to go into court and ask to have those posts removed."

During the trial, the court was shown three orders in case numbered 36S 10765, of the superior court of Cook county, entitled *Mills v. Wilson,* which orders were not introduced into evidence nor made part of the record, excepting that the court said with reference to the first order, "this finds encroachment there and to remove all that stuff." It is clear from the record that the property line had been the subject of civil litigation for some time past. The defendant contends that the trial court erred in denying the defendant an opportunity to present evidence as to the respective property lines of defendant and complaining witness and in holding as a matter of law that it made no difference whether or not the property alleged to have been destroyed was over the line of defendant's premises. The defendant contended that the trial court deprived him of an opportunity to show by a survey made August 21, 1939, that the porch was over his property line.

It appears, as suggested by defendant in error, that the prosecuting witness and not the defendant was in peaceable possession of the property, which was not newly erected property but had been there since 1935, signifying that defendant acquiesced in its erection. Furthermore, the orders entered in the civil suit appertaining to the encroachment show that the claim of defendant had been litigated.

Defendant cites the case of *Sattler v. People,* 59 Ill. 68, which involved a prosecution for maliciously breaking down a fence in process of erection by the prosecuting witness, across a lot of ground in the actual possession of defendant, and which he claimed he was entitled to as lessee. The Supreme Court, in holding that a refused instruction—to the effect that if the jury believed from the evidence that the defendant was in possession of the premises and paying rent, they should find him not guilty—should have been given, said as follows:

"The statute in regard to malicious mischief does not apply to cases of this kind, where opposition is made by a claimant of premises of which he is in actual possession to the erection of a fence across the same without his consent." Defendant in error contends that the *Sattler* case (*supra*) cannot stand as an authority for the present case, and that the case of *Koch v. People,* 71 Colo. 119, 204 Pac. 332, also cited by plaintiff in error, likewise shows that a new fence, supposedly to replace an old one, was built by the complaining witness beyond the line of the old fence on a line claimed by him, the prosecuting witness. It appears in the last-mentioned case that the property line had been in dispute for years. Defendant in error urges again that the cases cited are of no aid to this court in the instant case, since the dispute in the instant case as to the property line had been litigated. The defendant was not in possession nor was there any threat to the peaceable possession of his property. It

is, therefore, obvious—urges the defendant in error—that the facts are not even remotely similar in the two situations. There are other cases cited, but the cases just considered seem to be pertinent on the questions involved.

The People contend that the record shows that an objection was made to the introduction of the survey, which defendant sought to introduce in evidence, on the ground that there was no showing that it was true and correct and for the further reason that the man who made it was not present as a witness to testify in reference to it. It further appears that no ruling was made on the objection and nothing appears to show that the defendant attempted to make proper proof. The survey not being a public record it was necessary to make the adequate proof as to its correctness before it could be considered for introduction. It is urged that even if the proof was adequate, still the survey would not have been received in evidence, and cite the case of *Commonwealth v. Taylor,* 65 Pa. Super. Ct. 113, in support of their contention, which was a prosecution for destroying a gate of the prosecuting witness over a right of way claimed by the defendant. There it was held that evidence of defendant's title to the way was inadmissible if it appears that the destruction of the gate was not essential to the use of the right of way by defendant. The case of *State v. Pike,* 33 Me. 361, is further cited, as holding to a like effect, which was a criminal prosecution under the statute for wilfully and maliciously destroying property of a person without his consent. There the court held that it is immaterial whether the property came rightfully into the possession of the defendant or not, and evidence on that point is not admissible.

It is further contended by the defendant in the action that there was a fatal variance between the information and the evidence in the case. Two photographs are in evidence, one showing a quantity of lumber on

the ground, near the scene of action, undoubtedly taken immediately after the episode complained of. The second photograph shows an apparently side view of the porch, and the porch is intact except for the absence of whatever was removed from that section immediately in front of the camera. The porch was not destroyed, the defendant argues. The statute on malicious mischief (sec. 425, ch. 38, Smith Hurd Ill. Ann. Stat. [Jones Ill. Stats. Ann. 37.378]) makes it an offense to maliciously destroy, injure or deface any building or fixture attached thereto. The information charges only one of the three acts—destruction. Having laid the charge upon the act of destroying, the defendant urges that proof of injuring or defacing is not sufficient, and that the proof showed, if anything, that nothing but injury was accomplished. However, when we come to examine the facts in this case, it is apparent that this man attempted to destroy the porch by knocking off the parts as testified to. It appears from the record that defendant acted with malice and that there was no justification for him forcefully disturbing the peaceable possession of the property of the prosecuting witness. This conclusion is more forcefully shown in *Carter v. State,* 18 Tex. App. 573, wherein it was held that "one may be guilty of malicious mischief in pulling down a fence even though he claims title if another was in peaceable possession." It was also held that "the title to the property upon which the pen was built is of no importance. The inquiry should be: Was Beckwell in the quiet and peaceable possession of the fence broken or pulled down? . . ."

In answer to defendant's contention of fatal variance between the information and the evidence, the plaintiff contends that this complaint is not properly before this court for the reason that it was never raised in the trial court. In the case of *People v. Ascey,* 304 Ill. 404, and in *Dyer v. People,* 84 Ill. 624, our

510

Supreme Court held that a claim that there was a material variance between the indictment and the proof cannot be raised for the first time in a reviewing court.

It is a rather unusual contention that is made by the defendant—that it is necessary upon a charge of destroying a porch that before the defendant could be guilty the evidence must show that there was a complete and total destruction. It is evident that defendant destroyed property which was a part of this porch, which was in the peaceable possession of the complaining witness. From the facts as they appear in this record, the court was justified in finding him guilty and assessing a fine of $75, as was done in this case.

From this record we are of the opinion that the court did not err in the punishment inflicted on this defendant as guilt was proved beyond a reasonable doubt. There seems to be no doubt that defendant wrecked a part of the porch by the use of a heavy sledge hammer.

For the reasons stated the judgment is affirmed.

*Affirmed.*

BURKE and DENIS E. SULLIVAN, JJ., concur.