## No. 27273

**Robert A. Crum v. Estell Groce, individually and as Guardian of Randy H. Groce**

(556 P.2d 1223)

Decided December 6, 1976.

No appearance for plaintiff-appellee.

Eugene Pepper, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Randy Groce, a minor, drove a motorcycle through an intersection without stopping and collided with a vehicle owned by Robert Crum. Crum brought the instant suit to recover from Randy the damages he sustained as a consequence of the accident. In addition, Crum sued Randy's mother, Estell Groce, for the alleged willful or malicious destruction of his property by her minor son, and he sued the owner of the motorcycle, Anna Chaney, for negligently entrusting the cycle to Randy. After a trial to the court, the court dismissed the suit as against Chaney but entered judgment against Randy and his mother in the approximate amount of $1000.

Estell Groce now appeals the judgment against her. Because the evidence does not support the court's finding that Randy willfully and maliciously damaged Crum's vehicle, we reverse the judgment of the trial court with respect to her.

The evidence at the trial showed that Randy obtained the motorcycle that was involved in the accident from Chaney, from whom he intended to purchase it. However, because he was inexperienced at operating the motorcycle and did not have an operator's license, he was forbidden by his mother to operate the motorcycle. Nevertheless, Randy took the motorcycle to purchase some pizza. On his return, Randy went through a stop sign at a speed of approximately 30-35 m.p.h. and collided with Crum's van, which sustained several hundred dollars worth of damage. A female passenger was on the motorcycle when the accident occured. Randy testified that some trees obscured the stop sign and that he would have stopped if he had seen or remembered the stop sign, especially since there was someone else with him on the motorcycle.

The trial court concluded that this evidence showed that Randy willfully damaged Crum's vehicle. The court found such willfulness in Randy's knowing use of the cycle without a license, without insurance, and in spite of his mother's wishes. Accordingly, under section 13-21-107, C.R.S.

1973, the trial court held that Randy's mother was liable for the damages to Crum's van. Section 13-21-107 states that a parent of a minor under the age of 18 years is liable in an amount not to exceed one thousand dollars if the minor "maliciously or willfully destroys property" belonging to another person.

■ The trial court erred in its finding that Randy willfully damaged Crum's van. It confused the issue of Randy's willful and unlawful use of the motorcycle with the issue of his willful destruction of Crum's van. At most, the evidence only shows that Randy negligently misperceived the chances of an accident. *See Coffman v. Godsoe*, 142 Colo. 575, 351 P.2d 808 (1960). *See also Town of Groton v. Medbery*, 6 Conn. Cir. 671, 301 A.2d 270 (1972); *McKinney v. Caball*, 40 Mich.App. 389, 198 N.W.2d 713 (1972); and the cases cited in Annot., 8 A.L.R. 3d 612.

■ In the context of the statute here, a willful destruction of property results from an action done for the purpose of causing such injury or with knowledge that the injury is substantially certain to follow. In the instant case, the record does not support a finding that Randy intended to damage the Crum vehicle when he took the cycle and negligently drove through the stop sign. His conduct in damaging Crum's property cannot be categorized as willful.

■ Nor would the record support a finding that Randy's conduct was "malicious." There is no indication that Randy intentionally damaged the property without just cause, or that he was motivated by a mischievious purpose, a design to injure, or any ill-will. *See Schtul v. People*, 96 Colo. 217, 40 P.2d 970 (1935). *See also Potomac Insurance Co. v. Torres*, 75 N.M. 129, 401 P.2d 308 (1965); *Breimhorst v. Beckman*, 227 Minn. 409, 35 N.W.2d 719 (1949); and *State v. Weir*, 506 S.W.2d 437 (Mo. 1974). Therefore, under the facts of this case, Estell Groce cannot be held liable for damages pursuant to section 13-21-107, C.R.S. 1973. We consequently find it unnecessary to reach her constitutional attack on the statute.

Judgment reversed with respect to Estell Groce and that cause is remanded for entry of judgment in her favor.