(716 P.2d 596)
No. 57,776

MICHAEL R. HANKS, *Appellee*, v. RICHARD and TRACI BOOTH, *et al.*, *Appellants*.

 Opinion filed April 3, 1986. 

*James E. Benfer, III*, of Law Offices of Benfer and Farrell, of Topeka, for the appellants Richard and Traci Booth.

*Jay W. Vander Velde*, of Atherton, Sanderson & Vander Velde, of Emporia, for the appellant Angie Richardson.

*Marc A. Hurt*, of Emporia, for the appellee.

Before BRISCOE, P.J., BRAZIL, J., and PORTER K. BROWN, District Judge, assigned.

BROWN, J.: Plaintiff brought a civil suit against defendants, parents of three minor children, pursuant to K.S.A. 38-120, alleging: (1) The children willfully and maliciously damaged and destroyed plaintiff's barn by starting a fire; and (2) the children's conduct was due to parental neglect. The jury found for the

plaintiff and the defendants appeal the trial court's denial of their motions for summary judgment and directed verdict.

Defendants contend that the trial court should have granted their motions for summary judgment because the minor children are presumed, as a matter of law, to be incapable of committing a willful or malicious act. We disagree and adopt the statement of the Kansas Supreme Court in *Weber v. Wilson*, 187 Kan. 214, 220, 356 P.2d 659 (1960):

"[I]t has been held that there is no precise age at which a child may be said, as a matter of law, to have acquired such knowledge and discretion as to be held accountable for all his actions to the same extent as one of full age, and the question of capacity of a particular child at a particular time in avoiding a particular danger is one of fact, falling within the province of a jury to determine. [Citation omitted.]"

The motions for summary judgment were properly denied.

Defendants next contend that the trial court should have granted their motions for directed verdict at the close of plaintiff's case because the plaintiff's evidence did not support his allegation that the children willfully or maliciously damaged or destroyed the property of the plaintiff.

The Kansas Supreme Court, in *Sampson v. Hunt*, 233 Kan. 572, 578, 665 P.2d 743 (1983), stated the scope of review that applies to the lower court's denial or grant of a directed verdict motion:

"In ruling on a motion for directed verdict pursuant to K.S.A. 60-250 the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. The same basic rule governs appellate review of a motion for directed verdict. [Citations omitted.] The question is not whether there is literally no evidence supporting the party against whom the motion is directed, but whether there is evidence upon which the jury could properly find a verdict for that party. Even where facts are undisputed it is possible that conflicting inferences may be drawn from those facts, and where that is true, the issue must be submitted to the jury. [Citation omitted.] Where no evidence is presented on a particular issue, or the evidence presented is undisputed and it is such that the minds of reasonable persons may not draw differing inferences and arrive at opposing conclusions with reason and justice, the matter becomes a question of law for the court's determination. [Citations omitted.]"

Therefore, we must look at the facts and evidence and draw all inferences in favor of plaintiff in determining whether reasonable minds could reach different conclusions on the question of whether the three minor children acted willfully or maliciously.

Before looking at the evidence, it must be decided what the legislature intended by the words "willfully or maliciously." The majority of jurisdictions require both the act and the resulting injury to be intentionally done, *i.e.*, the children intended to start a fire and intended to burn down plaintiff's barn. *Sutherland v. Roth*, 407 So. 2d 139 (Ala. Civ. App. 1981); *Farm Bur. Mut. Ins. Co. v. Henley*, 275 Ark. 122, 628 S.W. 2d 301 (1982); *Crum v. Groce*, 192 Colo. 185, 556 P.2d 1223 (1976); *McKinney v. Caball*, 40 Mich. App. 389, 198 N.W. 2d 713 (1972); *Peterson v. Slone*, 56 Ohio St. 2d 255, 383 N.E. 2d 886 (1978); Annot., 8 A.L.R. 3d 612.

The definitions of "willful" and "malicious" found in PIK Civ. 2d follow the above analysis that both the act and the injury/damage must be intended:

"An act performed with a designed purpose or intent on the part of a person to do wrong or to cause an injury to another is a wilful act." PIK Civ. 2d 3.03.

"Malice is a state of mind characterized by an intent to do a harmful act without a reasonable justification or excuse." PIK Civ. 2d 3.04.

Therefore, K.S.A. 38-120 requires both the act and its harmful result to be intended before parental liability will be imposed.

The next question is whether the trial court properly denied defendants' motions for directed verdict, *i.e.*, whether reasonable minds could reach different conclusions concerning whether the three minor children intended to start a fire and intended to burn down the plaintiff's barn.

After fully reviewing the transcript of the trial, we are of the opinion that, while there was evidence that the children willfully and intentionally lit matches and small piles of hay on fire, they believed the fires were extinguished and the evidence fails to prove the children intended to burn down plaintiff's barn. The trial court should have granted the defendants' motions for directed verdict.

Reversed and remanded with directions to enter judgment for the defendants.