No. 57,776

MICHAEL R. HANKS, *Appellee*, v. RICHARD and TRACI BOOTH, and ANGIE RICHARDSON, *Appellants*.

(726 P.2d 1319)

 Opinion filed October 31, 1986.

*Craig C. Blumreich*, of Benfer and Farrell, of Topeka, argued the cause and *James E. Benfer, III*, of the same firm was with him on the brief for appellants Richard and Traci Booth.

*Jay W. Vander Velde*, of Atherton, Sanderson & Vander Velde, of Emporia, argued the cause and was on the brief for appellant Angie Richardson.

*Marc A. Hurt*, of Olathe, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Appellee, Michael R. Hanks, filed suit in Lyon County District Court against the appellants, parents of three young children, for damage to his barn resulting from a fire ignited by the children playing with matches. The action was brought pursuant to K.S.A. 38-120. Following trial to a jury a verdict was rendered in favor of Mr. Hanks for $20,170.00. The judgment was reversed by the Court of Appeals in *Hanks v. Booth*, 11 Kan. App. 2d 149, 716 P.2d 596 (1986). We granted review.

It is not disputed that appellee's barn was destroyed as the result of appellants' children, Angie Booth, age 7, Richard Booth, Jr., age 8, and Eric Coffman, age 8, playing with matches. It is also clear that none of the children intended to damage the barn and that when the last child left the barn, he thought all fire had been extinguished. K.S.A. 38-120 provides:

"Any person receiving bodily injury or any person, partnership, corporation, political subdivision or other entity whose property has been damaged or destroyed shall be entitled to recover damages in an appropriate action at law in a

court of competent jurisdiction from the parents of any child, living with the parents, who maliciously or willfully injured such person or damaged or destroyed such property while under the age of eighteen (18) years. Such recovery shall be limited to the actual damages in an amount not to exceed one thousand dollars ($1,000), in addition to taxable court costs, unless the court or jury finds that the malicious or willful act of such minor causing such injury, damage or destruction is the result of parental neglect, in which event the one thousand dollars ($1,000) limitation does not apply. Recovery under this section for bodily injury shall be limited to actual medical expenses."

The statute was originally enacted in 1959 primarily for the benefit of governmental entities in combating the ever increasing acts of vandalism perpetrated against schools and other governmental property. Recovery was limited to $300.00 for property damage and did not include the element of parental neglect. In 1965 the statute was amended to provide for a maximum recovery of $1,000.00 unless the property damage resulted from parental neglect. In 1978 the statute was again amended to its present form which provides recovery for personal injury as well as property damage.

The Court of Appeals found that the statute requires both a malicious or willful act on the part of the children *and* that the resulting personal injury or property damage be intended by the children before the parents may be held liable. As there was no evidence that the children intended to damage or destroy the barn, the Court of Appeals found that the defendants' motion for a directed verdict should have been sustained and the judgment of the district court was reversed.

The decision of the Court of Appeals interpreting the willful or malicious requirement of K.S.A. 38-120 was based upon the majority rule found in a number of similar cases from other jurisdictions relating to parental liability for vandalism. In the present case appellee does not seriously propound that the children acted maliciously, *i.e.*, with an ill will toward him and an intent to burn down the barn. Rather, he argues that the children intended to light matches and burn small piles of hay, and therefore are liable for the resulting destruction of appellee's barn. Appellee now asks this court to find that the children's lighting matches or igniting small piles of hay is not only "willful" conduct but also willful damage to the barn sufficient to impose liability on their parents. That position would serve to impose parental liability for a child's ordinary negligence instead of the standard provided for by law. In the present case the

children's conduct, while negligent, does not demonstrate a "willful" or "malicious" intent on their part.

Several cases from other jurisdictions illustrate the difference between ordinary negligence, which is not covered by parental liability statutes, and the type of culpability contemplated under these statutes. In *Frost v. Taylor*, 649 S.W.2d 264 (Mo. App. 1983), the court imposed liability on the father of a 15-year-old boy who shot and killed the plaintiff's dog. The court in *Hyman v. Davies*, 453 N.E.2d 336 (Ind. App. 1983), imposed liability on parents where the child broke into and stole items from the plaintiffs' vehicles. Similarly, parents were held responsible for the acts of a group of minors who ganged up on and beat the plaintiff in *Lamb v. Peck*, 183 Conn. 470, 441 A.2d 14 (1981). Finally, in *Buie v. Longspaugh*, 598 S.W.2d 673 (Tex. Civ. App. 1980), the parents of two youngsters were held responsible for water damage caused when the children broke into three houses, plugged all the drains, and turned on the water. Obviously, in each case the child or children intended bodily injury or damage to the property of another.

Other cases reaching a contrary result illustrate that ordinary negligence, or an intent only to do the act, are insufficient to support liability. In *Peterson v. Slone*, 56 Ohio St. 2d 255, 10 Ohio Op. 3d 396, 383 N.E.2d 886 (1978), the defendants' minor son was involved in a traffic accident while driving a vehicle without the owner's consent. The court refused to find parental liability, finding that although the minor intended to drive the vehicle, he did not intend to damage plaintiff's car. In *Town of Groton v. Medbery*, 6 Conn. Cir. 671, 301 A.2d 270 (1972), the court refused to allow a police officer recovery from the parents of a minor for injuries sustained in a high speed chase. The court specifically recognized that willful and malicious injury requires a design or intent to injure. A like result obtained in *Crum v. Groce*, 556 P.2d 1223 (Colo. 1976), where a minor was using a car contrary to the parents' wishes when it became involved in an accident. The court held that, while the use of the vehicle may have been willful or malicious, the child's involvement in the accident was not shown to be willful or malicious. See generally Annot., Infants' Torts—Parents' Liability, 8 A.L.R.3d 612.

Perhaps the most precise authority for the interpretation given by the Court of Appeals comes from *Farm Bur. Mut. Ins. Co. v.*

*Henley*, 275 Ark. 122, 628 S.W.2d 301 (1982). In *Henley* two six-year-old boys started a fire in a trash bin behind plaintiff's insureds' gift shop. The children threw dirt on it and, believing it to be extinguished, left the area. The fire was not out and thereafter spread from the trash bin to the gift shop. One count of plaintiff's action was based on the parental responsibility statute. The trial court granted a directed verdict as to this count, ruling that the children had not acted willfully. The appellate court affirmed, stating:

"In this case the evidence is undisputed that appellees willfully threw matches in the trash bin, but this is not to say that they willfully set fire to the gift shop. There is no evidence that the boys actually intended to set fire to the shop. Under these circumstances the damage to the shop may have been the result of their carelessness, but not their willfulness." 275 Ark. 127.

Accord *Motorists Mut. Ins. Co. v. Bill*, 56 Ohio St. 2d 258, 10 Ohio Op. 3d 398, 383 N.E.2d 880 (1978); *Walker v. Kelly*, 6 Conn. Cir. 715, 314 A.2d 785 (1973); and *Connors v. Pantano*, 165 Neb. 515, 86 N.W.2d 367 (1957).

We agree with the Court of Appeals' interpretation and application of K.S.A. 38-120 to the facts in this case and that in order for appellee to sustain a cause of action under the statute he must have proved both the act of the offending children and the resulting damage to the barn were willful or malicious.

The opinion of the Court of Appeals filed April 3, 1986, reversing the district court is affirmed. The judgment of the district court is reversed.

SCHROEDER, C.J., dissenting: By a strained construction of K.S.A. 38-120, the court has nullified the provisions of the statute.

The second sentence of the statute waives the $1,000 actual damage limitation by language reading: "unless the court or jury finds that the *malicious or willful act* of such minor *causing such* injury, *damage* or destruction is the result of parental neglect . . . ." (Emphasis added.)

Here the children gathered piles of hay in the barn and willfully set them on fire. This was the *willful act causing the damage*. The legislature could not have spoken in language more clear.

For the court to find the legislative intent was to require both the act and the resulting damage to be willful is contrary to the

statute imposing liability on parents for their *neglect* of their children. *Negligence* of the *parents* is the focus of the statute imposing liability on the parents under the facts in this case.

McFARLAND, J., joins the foregoing dissent.