Peterson et al., Appellees, *v.* Slone, Appellant, et al.

(No. 78-382—Decided December 7, 1978.)

256

*Messrs. Keller & Scully* and *Mr. William F. Scully, Jr.,* for appellees.

*Ms. Sheila Tew,* for appellant.

*Per Curiam.* In this cause, the Court of Appeals, in finding that Christopher had willfully damaged the automobile of the plaintiff, stated that "[t]he behavior upon which our attention is focused is the initial act of taking the car which belonged to another and driving it without authority, without a license, and without the experience or knowledge to do so. The behavior on the part of Christopher Slone was, in and of itself, willful, for it was done without regard to the consequences and without just cause. As we pointed out in *Michael Bill, supra* [*Motorist Mut. Ins. Co.* v. *Bill* (Jan. 12, 1978), case No. 36826, unreported], R. C. 3109.09 would lose its effectiveness if the plaintiff were required to prove that the injury as well as the action producing it must be intentionally committed by the minor in question * * *."

We must reverse the Court of Appeals as to this conclusion. As stated by the dissenting judge of that court, "* * * the majority interpreted R. C. 3109.09 as if the word 'negligence' were included in its language. If that were the intention of the legislature, it should have said so as it did in R. C. 4507.07."

The Court of Appeals here applied a form of "foreseeable consequences" test of negligence law in finding that Christopher had willfully damaged the plaintiff's property. However, in the interpretation and application of R. C. 3109.09, it is not necessary or proper to consider the many shadings of the various elements of negligence terminology, such as "wantonness," "grossness," "without regard for consequences," "reasonable foreseeability of the consequences," in that this particular statute may be reasonably interpreted to mean that there be a finding that the minor intended to do the damage that was, in fact, done.

The basic issues, as presented within this cause, were considered and decided this date by the court in the case of *Motorists Mut. Ins. Co.* v. *Bill* (1978), 56 Ohio St. 2d 258. We need not repeat all the comments found within *Motorists Mutual* relating to the interpretation of R. C. 3109.09 which we feel are equally applicable here. We need only repeat that within the purview of this section of law, "willfully damages property" means the intentional doing of the act which occasions the injury and resulting damage, coupled with the intent or purpose of causing an injury. Under this section, in order that parents may be found liable for the tortious acts of their minor children, both the initial act, as well as the subsequent injury, must be found to be intentional.

Here, although the initial act of stealing the automobile was intentional, and although the act of driving the automobile, and making the left hand turn, was intended by Christopher, neither the specific act of running into this plaintiff's automobile, nor the resulting damages, were shown to be intentional. Therefore, the statute would not afford a right of action against the minor's parent in this cause.

We turn to the second issue, relating to whether the subrogated insurance company which has paid the damage claim of the owner may bring an action against the parents of the minor pursuant to R. C. 3109.09. We again need not repeat all that we stated on the issue in *Motorist Mutual,*

**258**

*supra,* other than to say that such subrogee should be able to "stand in the shoes" of the owner, and is a real party in interest to bring an action under this statute to hold the parents vicariously liable for the willful tortious acts of their minor children. We are in agreement with the Court of Appeals on this issue.

Based upon all the foregoing, the judgment of the Court of Appeals affirming recovery of damages in favor of plaintiffs is hereby reversed.

*Judgment reversed.*

LEACH, C. J., HERBERT, W. BROWN, P. BROWN, HOLMES and LOCHER, JJ., concur.

CELEBREZZE, J., dissents.

HOLMES, J., of the Tenth Appellate District, sitting for SWEENEY, J.