SCHIRMER, APPELLEE, *v.* LOSACKER ET AL., APPELLANTS.

(No. C-790541—Decided October 8, 1980.)

*Mr. Marvin J. Barsman,* for appellee.
*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Joseph W. Gelwicks,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

On June 21, 1978, an automobile owned by the plaintiff-appellee, Albert Schirmer, and driven, at that time without his consent, by the minor child of the defendants-appellants, Robert and Virginia Losacker, sustained body damage in a collision with another vehicle. Seeking compensatory damages in the amount of $1,508.76 as a result of the incident, the appellee commenced an action against the appellants in the Hamilton County Municipal Court under R. C. 3109.09, a statute imputing liability to parents for certain acts committed by their children.

Opposing motions for summary judgment were thereafter filed with supporting evidentiary materials attached thereto in

accordance with Civ. R. 56. It is from the order of the court granting summary judgment in favor of the appellee that the instant appeal derives; the appellants have given us a singular assignment of error for review.

In that assignment, the appellants argue that the court below erred by rendering judgment for the appellee in summary fashion, reasoning that the evidence before the court failed to demonstrate, as a matter of law, that their son had engaged in conduct properly attributable to them by way of Ohio's statutory imposition of limited parental liability.

R. C. 3109.09 reads, in relevant part, as follows:

"Any owner of property may maintain a civil action in a court of competent jurisdiction to recover compensatory damages not exceeding three thousand dollars and costs of suit from the parents having the custody and control of a minor under the age of eighteen years, who willfully damages property belonging to such owner or who commits acts cognizable as a 'theft offense,' as defined in section 2913.01 of the Revised Code, involving the property of such owner. * * * "

The statute, by its terms, thus creates two independent grounds of liability or compensable events: a willful act of property damage or an act cognizable as a theft offense which results in property damage. It is our view, contrary to the appellants' assertions, that parental liability arises under the second statutory category when the child has engaged in conduct which is the equivalent of theft and the property is thereafter damaged, regardless of whether the child acted in a willful or unwillful manner at the time the property was actually damaged.[1] For example, the damage for which recovery is

[1] The appellants placed their primary reliance in argument before this court on *Motorists Mutual Ins. Co.* v. *Bill* (1978), 56 Ohio St. 2d 258; paragraph one of the syllabus of that case reads, in relevant part, as follows:

" * * * Under R. C. 3109.09, in order that parents may be found liable for the tortious acts of their minor children, both the initial act, as well as the subsequent damage, must be found to have been intentional."

The cited case was decided, however, under the statute as it appeared before the May 23, 1978 amendments by the General Assembly, which, *inter alia,* added "acts cognizable as a 'theft offense' " (see 137 Ohio Laws 2751) as a second category of compensable events. In *Bill, supra,* the statute thus imposed parental liability only when the child willfully damaged property. In light of the 1978 statutory amendments, the holding in *Bill* clearly does not control our disposition of the instant cause. See *Bill, supra,* at 262 (acknowledging that the 1978 amendments to R. C. 3109.09 added a new compensable act).

sought may be the *immediate result* of the child's *negligence* in handling the property, but liability will nevertheless attach to the parents if the child initially obtained the property by means of an act cognizable as a theft offense.

We have reviewed the evidentiary matter before the court below in light of the standard for parental liability contained within R. C. 3109.09, and it is our conclusion that the evidence raised no genuine issues of material fact and that the appellee was entitled to judgment as a matter of law.

It is clear that the appellants' son deliberately operated the appellee's vehicle on the public streets of Cincinnati without the consent of either the appellee or someone authorized to use the vehicle.[2] Such a course of conduct falls squarely within the theft provision of R. C. 3109.09 and gives rise to parental liability—although the appellants' son, arguably, may not have intended to cause property damage during the period of his unauthorized use of the appellee's automobile.[3]

Having determined that the court below properly rendered summary judgment in the appellee's favor, we must conclude that the singular assignment of error is without merit.

The judgment of the Hamilton County Municipal Court is affirmed.

*Judgment affirmed.*

SHANNON, P. J., KEEFE and BLACK, JJ., concur.

---

[2] The automobile was apparently taken from the parking lot of a high school in suburban Cincinnati after it had been driven there by the appellee's son with the appellee's permission.

[3] In addition, the evidence demonstrated, in compliance with the statute, that the appellants' son was under the age of eighteen years and that he was under the custody and control of his parents at the time of the collision.