OHIO BELL TELEPHONE CO., APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Ohio Bell Tel. Co. *v.* Pub. Util. Comm. (1984), 14 Ohio St. 3d 49.]

(No. 84-96—Decided December 5, 1984.)

*Mr. Donald W. Morrison* and *Mr. Charles S. Rawlings,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Robert S. Tongren* and *Ms. Amy S. Katzman,* for appellee.

*Messrs. Smith & Schnacke, Mr. David Wm. T. Carroll, Freifield, Bruzzese, Wehr & Moreland Co., L.P.A.,* and *Mr. Joseph J. Bruzzese, Jr.,* for intervening appellee.

*Per Curiam.* Ohio Bell argues essentially that the commission's findings of inadequate service are not supported by the record.

Ohio Bell argues correctly that the burden is upon the complainant to establish inadequate service in a proceeding under R.C. 4905.26. See, *e.g., Grossman* v. *Pub. Util. Comm.* (1966), 5 Ohio St. 2d 189, 190 [34 O.O.2d 347]. Specifically, Ohio Bell contends that the complainant's burden of proof cannot be met unless it is established by expert testimony that Ohio Bell's equipment or facilities were functioning improperly. There is no support for this contention. "Inadequate service" is not defined in R.C. Title 49, that determination being left to the commission and dependent upon the facts of each case. Moreover, the commission is not bound by strict rules of evidence in its proceedings. *Greater Cleveland Welfare Rights Org., Inc.* v. *Pub. Util. Comm.* (1982), 2 Ohio St. 3d 62, 68. Here, it was uncontested that the complainant experienced continued service problems over a period of several years. The inadequacies were reported and service calls were made but the problems were not remedied. Moreover, complainant was never advised that the design or extent of his equipment or the way in which it was used by his employees could be contributing to his service problems until February 1981. Upon a review of all of the facts and circumstances in this case there appears to be sufficient evidence in the record upon which the commission could conclude that Ohio Bell provided inadequate service.

It is well-settled that "[u]nder the 'unlawful or unreasonable' standard specified in R.C. 4903.13, this court will not reverse or modify an opinion and order of the Public Utilities Commission where the record contains sufficient probative evidence to show that the commission's determination

is not manifestly against the weight of the evidence and is not so clearly unsupported by the record as to show misapprehension, mistake or willful disregard of duty." *Columbus* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 103, 104 [12 O.O.3d 112]. See, also, *Consumers' Counsel* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 108, 110 [12 O.O.3d 115]; *Ohio Utilities Co.* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 153, 164 [12 O.O.3d 167]; *Duff* v. *Pub. Util. Comm.* (1978), 56 Ohio St. 2d 367, 370 [10 O.O.3d 493]; *General Motors Corp.* v. *Pub. Util. Comm.* (1976), 47 Ohio St. 2d 58 [1 O.O.3d 35], paragraph two of the syllabus; *Cleveland Elec. Illum. Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403 [71 O.O.2d 393], paragraph eight of the syllabus; *Dayton Power & Light Co.* v. *Pub. Util. Comm.* (1983), 4 Ohio St. 3d 91, 94.

The order of the commission, being neither unreasonable nor unlawful, is hereby affirmed.

*Order affirmed.*

CELEBREZZE, C.J., FORD, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.