NATIONWIDE INSURANCE COMPANY, APPELLEE, *v.* LOVE ET AL., APPELLANTS.

(No. L-84-189—Decided December 7, 1984.)

Robert E. Branham, for appellee.
Eddie Cole and Ruthe M. Whickum, for appellants.

WILEY, J. This case comes before the court on appeal from summary judgment entered for plaintiff-appellee, Nationwide Insurance Company, by the Toledo Municipal Court. In its ruling, the lower court awarded appellee $2,320.05 in damages plus attorney fees and court costs.

On August 28, 1981, appellant Debbie Love, daughter of appellant Frank Love, was fourteen years old and was residing in her parent's home. On said date, a third party, Vera Smith, drove her automobile to appellants' residence to visit with appellants' family. Upon arriving at appellants' residence, Ms. Smith left her keys in the automobile's ignition and entered appellants' home. The car was attended only by Ms. Smith's seven-year-old son.

Appellant Debbie Love discovered the keys in the car, and without Ms. Smith's permission, proceeded in driving the car around the neighborhood. During appellant's "joy ride," she was involved in an accident causing extensive property damage to the automobile.

Ms. Smith subrogated her interest to appellee, Nationwide Insurance Company, which filed this action against appellants for damages to the automobile and for attorney fees. Appellee sought to have the trial court impose liability on the father, Frank Love, for his daughter's conduct, pursuant to R.C. 3109.09. The trial court, upon hearing the evidence and reviewing the record, determined that appellee was entitled to summary judgment against both appellants, since there was no genuine issue as to any material fact and appellee was entitled to judgment as a matter of law. Accordingly, appellee received an award for property damage, attorney fees and costs.

From that judgment, appellants have timely appealed, setting forth the following as their assignments of error:

"I. The trial court erred in granting an order of summary judgment for damages, attorney fees and court costs in favor of plaintiff-appellee. Where said minor child, appellant Debbie Love, took a motor vehicle and operated it without the permission of the owner and, through negligence, collided with a fixed object, the father, appellant Frank Love, is not liable for damages and attorney fees pursuant to Ohio Revised Code 3109.09.

"II. The trial court erred in granting attorney fees to plaintiff's subrogee [sic], an insurance carrier, against appellant minor Debbie Love, where the tort action did not involve ingredients of fraud, malice or insult, and where the damages were caused by negligence of the appellant minor, in driving a car which she was operating without the consent of the owner."

Appellants, in their first assignment of error, contend that the trial court erred in granting appellee's motion for summary judgment, since appellant Frank Love was not liable, pursuant to R.C. 3109.09, for the unintentional acts of his daughter.

To prevail on a summary judgment

motion, the moving party has the burden of establishing that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 3 [24 O.O.3d 1]; *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]. When a summary judgment motion is made and supported as provided in Civ. R. 56(C) and (E), the adverse party cannot rest upon its allegations and pleadings but must, instead, set forth specific facts establishing that there exists a genuine issue for trial. *Harless, supra,* at 65-66. However, even if the adverse party fails to submit evidence opposing the motion for summary judgment, Civ. R. 56(E) states that the trial court shall grant summary judgment only "if appropriate."

Further, Civ. R. 56(C) requires that summary judgment shall not be entered:

"* * * [U]nless it appears from such evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence * * * construed most strongly in his favor. * * *"

Therefore, after reviewing all of the evidence, if reasonable minds can come to different conclusions, the trial court should not grant a motion for summary judgment. *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433 [21 O.O.3d 267]. In light of this standard, we now proceed with our analysis.

The trial court, in determining that Frank Love was liable for the acts of his child, undoubtedly relied upon R.C. 3109.09. This statute states:

"Any owner of property may maintain a civil action in a court of competent jurisdiction to recover compensatory damages not exceeding three thousand dollars and costs of suit from the parents having the custody and control of a minor *under the age of eighteen years,* who willfully damages property belonging to such owner or *who commits acts cognizable as a 'theft offense,' as defined in section 2913.01 of the Revised Code, involving the property of such owner.* Such an action may be joined with an action under Chapter 1919. or 2737. of the Revised Code against the minor, or the minor and his parents, to recover the property regardless of value, but any additional damages recovered from the parents shall be limited to compensatory damages not exceeding three thousand dollars, as authorized by this section. A finding of willful destruction of property or of committing acts cognizable as a theft offense is not dependent upon a prior finding of delinquency of such minor, or upon his conviction of any criminal offense.

"For the purposes of this section, a minor is not within the custody and control of his parents, if the minor is married.

"Such actions shall be commenced and heard as other civil actions." (Emphasis added.)

Although the statute is devoid of legislative history indicating its underlying purposes, there appears to be two principal reasons for the enactment of R.C. 3109.09. First, the statute, which is in derogation of the common law, allows an injured party to recover damages from the parents for the destructive acts of the parents' minor children. Such a result, *i.e.,* recovery of damages from the parents of a destructive child, was not possible at common law. Second, the statute, as its companion purpose, attempts to restrain juvenile delinquency, vandalism, and malicious mischief. This latter purpose is thought to be accomplished by increasing parental responsibility for the control and behavior of their children, with the increase in parental responsibility imposed in the form of a penalty upon the parents of a destructive child. *Motorists Mut. Ins. Co.* v. *Bill* (1978), 56 Ohio St. 2d 258, 262-263 [10 O.O.3d 398]; *Rud-*

*nay* v. *Corbett* (1977), 53 Ohio App. 2d 311 [7 O.O.3d 416].

In light of these apparent underlying purposes, the legislature enacted R.C. 3109.09 in 1965 by the passage of Am. Sub. H. B. No. 159 (see 131 Ohio Laws 689, 1704.) Under the original statute, parents were liable only for the minor children's willful damage of property. Based on the language in the original statute and the policy that statutes enacted in derogation of the common law should be strictly construed, the Ohio Supreme Court in *Peterson* v. *Slone* (1978), 56 Ohio St. 2d 255 [10 O.O.3d 396], held that no parental liability exists when a minor child, without the consent of the owner of the automobile, operates said vehicle in such a manner that the child *accidentally* causes property damage to the car. In *Peterson, supra,* the Ohio Supreme court ruled, pursuant to R.C. 3109.09, that parental liability is said to exist only when the child willfully damages property. Willful damage to property means "the intentional doing of the act which occasions the injury and resulting damage, coupled with the intent or purpose of causing an injury. * * *" *Peterson, supra,* at 257. Therefore, pursuant to *Peterson, supra,* despite the fact that a minor child steals a motor vehicle, liability attaches to the parent(s) only when the child intentionally damages the motor vehicle.

Under the Ohio Supreme Court's holding in *Peterson, supra,* parental liability does not exist absent a showing that the minor child intentionally damaged the property. Such a holding led to the anomalous result that parents were not liable for damages to third-parties' property, even though the child (who is probably judgment proof) stole the property of the injured party and either received the proceeds from the sale of the stolen property or accidentally damaged the stolen property. In either case, the owner of the stolen property suffered the entire loss, without any remedy available to compensate him for the injury.

To prevent such a result and to increase the scope of parental liability, the Ohio Legislature amended R.C. 3109.09 (see 137 Ohio Laws, Part II, 2751) to grant property owners the right to bring a cause of action against "the parents having the custody and control of a minor under the age of eighteen years, * * * who commits acts cognizable as a 'theft offense,' as defined in section 2913.01 of the Revised Code, involving the property of such owner. * * *" This amendment now authorizes two separate and independent causes of action against the parents of destructive children: the first action occurs when a child commits a willful act of property damage, the second action is when a child commits an act cognizable as a "theft offense" with such conduct subsequently resulting in property damage. See *Schirmer* v. *Losacker* (1980), 70 Ohio App. 2d 138, 139 [24 O.O.3d 171].

Under the amended statute, effective May 23, 1978, parents are now liable if their minor child's acts constitute a "theft offense."[1] R.C. 2913.01(K)(1) indicates that a theft offense means a violation of a variety of sections of the Revised Code, including R.C. 2913.03.

R.C. 2913.03 codifies Ohio's law regarding the unauthorized use of a vehicle, and states, in pertinent part:

"(A) No person shall knowingly use or operate [a] * * * motor vehicle * * * without the consent of the owner or person authorized to give consent."

Therefore, if a child is in violation of

---

[1] Pursuant to R.C. 3109.09, parents' liability can attach for their child's acts which are cognizable as a "theft offense," despite the fact that the child had not had a prior finding of delinquency, or had been convicted of any criminal offense.

R.C. 2913.03, which is included within the definition of "theft offense," the parents are liable for damages caused by the conduct of their minor child pursuant to R.C. 3109.09. Accord *Schirmer, supra,* at 140.[2]

Our research indicates that *Schirmer* v. *Losacker, supra,* is the only other reported Ohio case applying to R.C. 3109.09, as amended May 23, 1978, to a set of facts similar to the case at bar. In *Schirmer,* a minor child, while operating an automobile without the owner's consent, was involved in an accident with the automobile sustaining extensive body damage. The Hamilton County Court of Appeals ruled that the child's course of conduct, operation of the automobile without the owner's consent, fell squarely within the theft provision of R.C. 3109.09 and, therefore, gave rise to parental liability for the damage to the automobile, despite the fact that the child may not have intended the damages (see *Peterson, supra*). Whereupon, the appellate court affirmed the trial court's granting of a summary judgment, which imposed liability on the parents for the damage to the automobile, in favor of the plaintiff.

In the case at bar, we are faced with facts nearly identical to *Schirmer, supra.* We note, however, that both parties in their briefs have failed to recognize the applicability of the 1978 amendment to R.C. 3109.09 and the applicability of the *Schirmer* decision. Instead, appellants argue that based on the decision in *Peterson, supra,* the trial court improperly granted summary judgment pursuant to Civ. R. 56, since no facts establish that Debbie Love willfully damaged the automobile. On the other hand, appellee insists that based on prior Ohio case law, Debbie

Love's deposition established that she acted willfully in damaging the property. Had our decision been guided by the holding in *Peterson* or other Ohio case law, we would have ruled that the trial court's entry of summary judgment would have been improper since there remained a genuine issue of material fact as to whether or not Debbie Love willfully damaged the automobile. But, under R.C. 3109.09, as amended, we reach a different conclusion.

The record, as defined by Civ. R. 56(C), established that appellant Debbie Love operated Ms. Smith's automobile on August 28, 1981. While operating the automobile, without the owner's consent, appellant had an accident with the car sustaining damages amounting to $2,320.05. At the time of the accident, Debbie Love was fourteen years old and was in the control and custody of appellant Frank Love.

Based on these uncontradicted facts, we hold that Debbie Love's conduct constituted a "theft offense" pursuant to R.C. 2913.01. (See, also, R.C. 2913.03.) As such, appellant Frank Love is liable for the ensuing damage to Ms. Smith's automobile. Therefore, it is our conclusion that based on the evidence, reasonable minds can come to only one conclusion, and that is that there are no genuine issues of material fact and appellee is entitled to judgment as a matter of law.

Accordingly, appellants' first assignment of error is not well-taken.

Appellants, in their second assignment of error, contend that the trial court erroneously granted appellee attorney fees, since the evidence does not establish that appellant Debbie Love acted willfully in damaging Ms. Smith's automobile. We agree.

---

[2] The *Schirmer* court, *supra,* at 139-140, cites the example that, pursuant to R.C. 3109.09, a third party may recover damages incurred as an immediate result of the child's negligent handling of the property, if the child initially obtained the property by means of an act cognizable as a "theft offense."

Based on our prior discussion, we have already noted that summary judgment would have been improper if it had been based upon evidence in the record which attempted to establish that Debbie Love *willfully* damaged the automobile. Quite simply, the evidence presented in the motion for summary judgment did not establish, in any way, shape, or form, that Debbie Love intentionally or willfully damaged Ms. Smith's automobile. Consequently, the trial court was without adequate evidentiary support to make an award of attorney fees based upon the alleged willful acts of appellant Debbie Love. Furthermore, neither R.C. 3109.09 nor R.C. 2913.01 provide the trial court with discretionary power to grant attorney fees. Absent evidence establishing that appellant willfully damaged the automobile or a statutory provision allowing the trial court to award attorney fees (assuming that the appellee satisfied the evidentiary standards of Civ. R. 56[C]), the trial court was without authority to grant attorney fees. Accordingly, appellants' second assignment of error is well-taken.

On consideration whereof, pursuant to App. R. 12(B), the judgment of the Toledo Municipal Court is hereby reversed in part and affirmed in part. The trial court's award of attorney fees is reversed. All other portions of the judgment of the trial court are affirmed. This case is remanded for execution of judgment, as rendered herein, and for assessment of costs. Costs to be divided equally between appellants and appellee.

*Judgment affirmed in part and reversed in part.*

CONNORS, P.J., and HANDWORK, J., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.