**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY et al.**

**v.**

**NEWMAN et al.**

Hamilton County Municipal Court.

No. 93 CV 34942.

Decided Aug. 19, 1994.

*William B. Strubbe,* for plaintiffs.

*Daniel B. Mulholland,* for defendants.

TIMOTHY S. BLACK, Judge.

This matter is before the court upon the motion of defendant Sue Newman for summary judgment, the plaintiffs' memorandum contra, the defendant's reply memorandum, and the depositions of defendants Sue Newman and Kimberly S. Newman.

In seeking entry of summary judgment pursuant to Civ.R. 56, movant Sue Newman must establish that there is no genuine issue as to any material fact and that she is entitled to entry of judgment as a matter of law. Civ.R. 56; see, also, *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The court must be persuaded that reasonable minds can come to but one conclusion, and that such conclusion is adverse to the party against whom the motion for summary judgment is made. *Id.*

The court, accordingly, has carefully examined the record to determine whether the material facts in the case present any genuine dispute.

Here, the depositions of the defendants, together with the pleadings submitted to the court, establish the following undisputed, material facts.

On July 22, 1993, at or about 4:00 a.m., sixteen-year-old defendant Kimberly S. Newman operated a motor vehicle and wrecked it into a building located at 554 Main Street in Hamilton, Ohio. The vehicle belonged to Kimberly Newman's mother, defendant Sue Newman, and was taken without her permission.

The building into which Kimberly Newman wrecked her mother's automobile was owned by plaintiff 544 Main Street Association and insured by plaintiff State Automobile Mutual Insurance Company.

Kimberly Newman's wreck caused $2,998.82 in damages to the building, for which insured damages plaintiff State Automobile Mutual Insurance Company reimbursed plaintiff 544 Main Street Association in full save a $1,000 deductible, and as to all of which damages plaintiffs now seek recovery from Kimberly's mother, defendant Sue Newman.

These facts are undisputed and material, and in their context, the court must now resolve whether or not the movant is entitled to entry of judgment as a matter of law.

Plaintiffs seek to recover money damages pursuant to Ohio's parental liability statute, R.C. 3109.09.

Subsection (A) of that statute provides as follows:

"(A) Any owner of property * * * may maintain a civil action to recover compensatory damages not exceeding six thousand dollars and court costs from the parents who have parental rights and responsibilities * * * of a minor, who willfully damages property belonging to the owner or who commits acts cognizable as a 'theft offense,' * * * involving the property of the owner. * * * ".

The statute thus expressly limits recovery to "any owner of property" who suffers either from acts of willful damage to property belonging to the owner or "theft offenses" involving the property of the owner.

Herein, the undisputed, material facts fail to establish a willful destruction of property. The deposition testimony of defendant Kimberly Newman establishes that she accidentally lost control of the car, albeit as she was negligently casting her eyes about trying to ascertain the correct time (which time she was to learn was about 4:00 a.m.). Notwithstanding Kimberly's exceedingly poor judgment, she wrecked the car unintentionally and not willfully. Her willful taking of the car without permission and her willful driving of the car without authority or license is *not* the behavior upon which the court is to focus. See *Peterson v. Slone* (1978), 56 Ohio St.2d 255, 10 O.O.3d 396, 383 N.E.2d 886. Instead, the subsequent act of wrecking the car is the behavior at issue.

Willful conduct means the intentional doing of an act which occasions an injury and resulting damage; there must be an intent to cause injury. *Id.* at 257, 10 O.O.3d at 397, 383 N.E.2d at 888. In evaluating the claim of willful conduct, the court has construed the depositions and pleadings most strongly in favor of the plaintiffs. Here, the plaintiffs have failed to show that the running into the building and/or the resulting damages were intentional; hence, the acts were not willful. As a matter of law, therefore, Sue Newman is not liable for the resulting damages under the willful conduct provision of Ohio's parental responsibility law.

The second basis for liability under the statute, and alternatively argued by plaintiffs, is that property of another was damaged during the commission of a theft offense. However, that assertion ignores the plain language of the statute, which limits its coverage to "[an] owner of property" who may recover damages from a parent whose minor "commits acts cognizable as a 'theft offense' * * * *involving the property of the owner.*" (Emphasis added.) R.C. 3109.09. See, also, *W. Am. Ins. Co. v. Carter* (1989), 50 Ohio Misc.2d 20, 553 N.E.2d 1099; *Nationwide Ins. Co. v. Love* (1984), 22 Ohio App.3d 9, 22 OBR 43, 488 N.E.2d 226.

Here, the property which was involved in the theft offense was the car of defendant Sue Newman and not the plaintiffs' building. Because plaintiffs are not the owners of the allegedly stolen property, as a matter of law, the statute does not afford the plaintiffs a right to recover under the "theft offense" provision of Ohio's parental liability statute.

Upon a careful review of the pleadings, the undisputed material facts, and the law, the court finds that reasonable minds can come to but one conclusion, and that such conclusion is adverse to the plaintiffs. Accordingly, the court grants defendant Sue Newman's motion for summary judgment, hereby entering summary judgment in defendant's favor and against plaintiffs, costs to be paid by plaintiffs.

SO ORDERED.

*Judgment for defendant.*