AMERICAN ECONOMY INSURANCE COMPANY et al., Appellants,

v.

KNOWLES et al., Appellees.

[Cite as *Am. Economy Ins. Co. v. Knowles* (1996), 113 Ohio App.3d 71.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15451.

Decided July 26, 1996.

*Matthew J. Smith,* for appellants.

*James E. Swaim* and *Steven G. LaForge,* for appellees Daniel Branch, Sr., Daniel Branch, Jr., and Bessie Branch.

*Mark C. Anzman* and *Stephen C. Findley,* for appellees Hansel Collier, Madonna Collier, and Thomas Collier.

*Robert J. Janes,* for appellees James N. Kuntz, Sr., and Joseph E. Kuntz.

KERNS, Judge.

This is an appeal from summary judgments entered in favor of the defendants, Daniel Branch, Sr., Bessie Branch, Daniel Branch, Jr., James Kuntz, Sr., Joseph Kuntz, Thomas Collier, Hansel Collier and Madonna Collier, in a subrogation action commenced by the plaintiffs, American Economy Insurance Company, and its insured, Dora Freeman, to recover damages from a fire which destroyed the structure and contents of the Double D Carry–Out, a small grocery store located in Miamisburg, Ohio.

In this court, the appellants urge, for their only assignment of error, that "the trial court erred in granting the defendants' motions for summary judgment."

During the early morning hours of March 29, 1992, Daniel Branch, Jr., Thomas Collier, Joseph Kuntz, David Knowles and James Plummer, all of whom were about fifteen years of age at the time, were congregating outside the carryout when Plummer started a fire which caused the destruction of the building and its contents. None of those present made any effort to prevent James Plummer from setting the fire, and no effort was made to extinguish the fire or to call law enforcement or safety authorities.

In this case, the motions for summary judgment, which were sustained by the common pleas court in its decision of July 31, 1995, were filed by three defendants who were present when the fire was started, but did not actively participate in starting the fire, as well as by the parents of the youthful defendants who were with Plummer when the fire began.

In seeking relief in the trial court, the plaintiffs relied upon two theories of parental responsibility. Initially, the insurance company sought help from R.C. 3109.09, which imposes liability upon parents for the destructive acts of their children, but that statute only applies to minors who willfully damage property. *Motorists Mut. Ins. Co. v. Bill* (1978), 56 Ohio St.2d 258, 10 O.O.3d 398, 383 N.E.2d 880. And within the purview of R.C. 3109.09, "willfully damages property" means the intentional doing of the act which occasions the injury and resulting damage. *Peterson v. Slone* (1978), 56 Ohio St.2d 255, 10 O.O.3d 396, 383 N.E.2d 886. In the present case, there is no evidence that the minor defendants actively participated or agreed with Plummer to set the fire that caused the damage. See *Allstate Fire Ins. Co. v. Singler* (1968), 14 Ohio St.2d 27, 43 O.O.2d 43, 236 N.E.2d 79. And even more significant, there is no particular evidence in the record to connect the parents with the alleged conduct of their offspring. Therefore, the appellants cannot prevail upon their initial theory of liability.

However, as to the remaining theory of parental liability, the question arises as to whether the fire, which was started in the presence of the defendant minor children who congregated during the early morning hours of March 29, 1992, was a foreseeable consequence of any negligent acts of the defendant parents of the minors.

In the case of *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 556 N.E.2d 505, the Supreme Court recognized three situations where parents might incur liability: (1) when they negligently entrust their child with an instrument which becomes a source of danger; (2) when they know of the child's wrongdoing and consent to it, direct it, or sanction it; and (3) when they fail to exercise reasonable control over the child when the parent knows, or should know, that injury to another is a probable consequence.

Here, the parents did not provide their children with a dangerous instrument. Nor did they direct or sanction any of their previous wrongdoing. And upon the record presented herein, neither can it be said that the destructive fire at the Double D Carry–Out, or any similar catastrophe, was a probable and foreseeable consequence of any parental negligence or lack of supervision and control.

■ At common law, a parent is not liable for damages caused by a child's wrongful conduct, and in order to be excepted from this general proposition, the child's alleged misconduct, at the very least, must be within the reasonable comprehension of the alleged negligence of the parents. In this context, therefore, reasonable minds could only conclude that the evidence submitted by the plaintiffs, including the expert testimony, is inadequate to disclose parental responsibility for the damages. Hence, the motions for summary judgment filed by Daniel Branch, Sr., Bessie Branch, James N. Kuntz, Sr., Hansel Collier and Madonna Collier were properly sustained.

■ However, in the application of the fundamental principles which must be applied in ruling upon motions for summary judgment (*Davis v. Loopco Industries, Inc.* [1993], 66 Ohio St.3d 64, 609 N.E.2d 144), the record provides sufficient facts and inferences to overcome the motions filed by the youthful defendants Daniel Branch, Jr., Joseph Kuntz, and Thomas Collier, who were among those present when the fire began. Indeed, their conduct, even if not willful, could have been negligent. In other words, the record precludes a finding as a matter of law that these defendants were merely innocent bystanders. Among other things, their own statements are impressed with inconsistencies and contradictions. And the fact that they were seen by a police officer covered with soot and running together after the early morning fire gives some credence to the theory that they were participants in a common scheme. Moreover, their failure to call the fire department or anyone else provides a reasonable inference of group involvement. Hence, the roles played by Daniel Branch, Jr., Joseph Kuntz, and Thomas Collier at the fire scene were not established beyond reasonable debate, and with a genuine issue of fact yet unresolved, the granting of their motions for summary judgment was premature.

Accordingly, the judgment of the common pleas court as it pertains to the motions filed by Daniel Branch, Sr., Bessie Branch, James Kuntz, Sr., Hansel Collier, and Madonna Collier is affirmed, but the judgment as it pertains to the motions filed by Daniel Branch, Jr., Joseph Kuntz, and Thomas Collier is reversed, and the cause is remanded to the trial court for further proceedings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BROGAN, P.J., and FREDERICK N. YOUNG, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.