DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Municipal Court judgment entered in favor of William Snider and Grange Mutual Casualty Company, plaintiffs below and appellees herein.
Michael Carpenter, Nathan Janes, Misty Moore, and Regina Janes, defendants below and appellants herein, raise the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THE PARENTS OF TWO MINOR CHILDREN LIABLE PURSUANT TO REVISED CODE SECTION 3109.09 WHERE THE TRIAL COURT INFERRED FROM THE FACTS PROVED THAT THE DAMAGE WAS CAUSED BY THE MINOR CHILDREN AND THE INFERENCE WAS A GUESS OR CONJECTURE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN BROADLY CONSTRUING REVISED CODE SECTION 3109.09 TO ALLOW PARENTAL LIABILITY FOR ALL DAMAGE OCCURRING AFTER THE COMMISSION OF A THEFT OFFENSE BY A MINOR CHILD WHETHER THE DAMAGE WAS CAUSED BY THE THEFT OFFENSE OR ANOTHER CAUSE."
Our review of the record reveals the following facts pertinent to the instant appeal. On January 18, 1999, Nathan and Michael, two minor children who were confined in the Hocking Valley Residential Treatment Center in Nelsonville pursuant to their commitment to the Ohio Department of Youth Services, escaped from the facility and stole Snider's vehicle. Law enforcement officers discovered the vehicle in Gallipolis, Ohio in the late evening hours on January 18, 2000 or the early morning hours of January 19, 2000. Three days later, the authorities returned Snider's vehicle. Shortly thereafter, Snider noticed that his vehicle had been damaged.
On January 3, 2000, appellees filed a complaint asserting that Michael and Nathan caused damage to Snider's vehicle, and that Regina Janes and Misty Moore, the minors' mothers, were liable pursuant to R.C. 3109.09.
On June 1, 2000, the trial court found the mothers liable for the damage caused to Snider's vehicle. The court noted that no direct testimony existed to establish how the damage to the car was caused or when the damage was caused. Nevertheless, the trial court concluded that the damage to the vehicle was caused by the minors' commission of the theft offense. Thus, the trial court found the mothers to be jointly and severally liable for the damages. Appellants filed a timely notice of appeal.
 I
In their first assignment of error, appellants argue that the trial court erroneously concluded that the minors caused the damage to the vehicle. In essence, appellants argue that the trial court's finding of parental liability is against the manifest weight of the evidence. Specifically, appellants contend that the trial court's finding that the minor children caused the damage was nothing more than speculation. Additionally, appellants assert that we should employ a de novo standard when reviewing the trial court's finding that the minors caused the damage to the vehicle.
Initially, we note that a reviewing court will not reverse a trial court's conclusion with respect to findings of fact unless that judgment is against the manifest weight of the evidence. If competent, credible evidence supports the trial court's judgment, we will not reverse the judgment as being against the manifest weight of the evidence. See Vogelv. Wells (1991), 57 Ohio St.3d 91, 566 N.E.2d 154; Ross v. Ross (1980),64 Ohio St.2d 203, 414 N.E.2d 426; C.E. Morris v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. When reviewing a trial court's judgment, a reviewing court must not re-weigh the evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80,461 N.E.2d 1273, 1276. An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence going to all of the essential elements of the case exists. As the court stated in Seasons Coal, 10 Ohio St.3d at 80, 461 N.E.2d at 1276:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
In determining whether competent, credible evidence supports the trial court's judgment, "it is well established that every reasonable presumption must be made in favor of the judgment and findings of fact."Shemo v. Mayfield Heights (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018,1022. Thus, a trial court's factual findings will not be disturbed on appeal unless the court's findings are against the manifest weight of the evidence. See, e.g., Home Builders Assn. Of Dayton v. Beavercreek
(2000), 89 Ohio St.3d 121, 129-30, 729 N.E.2d 349, 357. A factual finding is not against the manifest weight of the evidence unless the record fails to contain competent, credible evidence to support the trial court's factual finding. See, e.g., Vogel; Ross. Furthermore, we decline appellants' invitation to independently review, under the de novo
standard, the trial court's factual finding that the minors caused the damage to the vehicle. We believe that our review is limited to whether competent, credible evidence supports the trial court's finding that the minors caused the damage to the vehicle.
In the case at bar, we believe that the record contains sufficient circumstantial evidence to support the trial court's finding that the minors' actions during their escape caused the vehicle's damage. While we recognize appellants' concern that no direct evidence appears in the record regarding the precise cause of the damage, we must also recognize that circumstantial evidence exists which enabled the fact finder to infer that the minors caused the damage to the vehicle.
Frequently, circumstantial evidence is used to demonstrate the cause of an injury. See Fogle v. Cessna Aircraft Co. (Jan. 16, 1992), Franklin App. No. 90AP-977, unreported. In State v. Duganitz (1991),76 Ohio App.3d 363, 367, 601 N.E.2d 642, 645, the court discussed circumstantial and direct evidence as follows:
 "`Circumstantial evidence' is proof of certain facts and circumstances in a given case, from which [the trier of fact] may infer other connected facts which usually and reasonably follow according to the common experience of mankind. Black's Law Dictionary (5 Ed. 1979) 221.
 It is not essential that there should be a mathematical demonstration or direct evidence of every essential fact in a case, but the circumstances, to have the effect of establishing an allegation of fact, must be such as to make the fact alleged appear more probable than any other; the fact in issue must be the most natural inference from the facts proved; it is not sufficient if the conclusion must rest wholly upon guess or conjecture."
Circumstantial and direct evidence possess the same probative value.State v. Jenks (1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492, 502. When reviewing the value of circumstantial evidence, we note that "[t]he weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not supported by the evidence." Wesley v. The McAlpin Co.
(May 25, 1994), Hamilton App. No. C-930286, unreported (citing Donaldsonv. Northern Trading Co. (1992), 82 Ohio App.3d 476, 483, 612 N.E.2d 754,759).
In the case at bar, the evidence revealed that (1) the vehicle was not damaged before the minors stole the vehicle; and (2) the vehicle was damaged when returned. From the foregoing circumstantial evidence, a reasonable inference is raised that the minors, both unlicensed drivers, damaged the vehicle during their flight from the facility. Although we agree with appellants that appellee's evidence was indeed sparse and, with more effort could, in all probability, have eliminated any questions regarding the source of the damage, we disagree with appellants that the trial court's finding that the minors caused the damage constituted "pure speculation." We believe that the trial court had before it sufficient circumstantial evidence from which to conclude that the minors caused the damage. Thus, the trial court's finding is not against the manifest weight of the evidence. See, generally, Buckeye State Mutual Ins. Co. v.Page (May 25, 1985), Highland App. No. 551, unreported (noting that no direct evidence regarding method of damage existed, but finding sufficient circumstantial evidence to submit to a fact finder).
Moreover, we disagree with appellants' argument that appellees' failure to eliminate other possible causes of the damage is fatal to appellees' claim. A plaintiff is not required to eliminate other possible causes of an injury to successfully pursue his claim.[1] See Ohio Bell TelephoneCo. v. PUCO (1990), 49 Ohio St.3d 123, 127, 551 N.E.2d 145, 149. To require a plaintiff to eliminate all other causes of an injury "would impose a burden of proof analogous to the burden in criminal cases of proof beyond a reasonable doubt." Westinghouse Electric Corp. v. DollyMadison Leasing and Furniture Corp. (1975), 42 Ohio St.2d 122, 127,326 N.E.2d 651, 656. Rather, when a plaintiff presents sufficient evidence regarding the cause of an injury, simply because other causes are possible and the plaintiff failed to eliminate the other causes does not prevent the fact finder from making an inference concerning a defendant's liability. See Ohio Bell, 49 Ohio St.3d at 127,551 N.E.2d at 149; see, also, Westinghouse, 42 Ohio St.2d at 129, 526 N.E.2d at 656-57
("Suggestion of other causes is limited only by the limits of human imagination, and are not a basis for taking a case from the jury."). To be sufficient, the evidence must permit a trier of fact to "reasonably determine that it is more likely than not that the defendant's negligence [was] the cause of the plaintiff's injury." Stone v. Davis (1981),66 Ohio St.2d 74, 82, 419 N.E.2d 1094, 1099.
In the case at bar, appellees' evidence that the vehicle was damaged after being driven by two unlicensed minors during their flight from confinement, and that the vehicle did not exhibit damage prior to being driven by two minor children, is sufficient to permit a trier of fact to reasonably determine that it is more likely than not that the children's conduct caused the damage. Simply because appellants suggest that other causes may exist does not render appellees' proof insufficient.
We further disagree with appellants' argument that affirming the trial court's judgment will, "as a practical matter," switch the burden of proof from the injured party to the parent. We note that our decision regarding appellants' first assignment of error does not alter the allocation of the burden of proof. Rather, we have concluded that appellees presented sufficient circumstantial evidence to illustrate how the vehicle was damaged.
Accordingly, based upon the foregoing reasons, we overrule appellants' first assignment of error.
 II
In their second assignment of error, appellants argue that the trial court, in finding the parents liable for the minor children's conduct, incorrectly construed R.C. 3109.09. Within their second assignment of error, appellants appear to raise two separate, but related, issues.
First, appellants assert that no liability attaches to the parent if the minor, while committing the theft offense, did not intentionally damage the property. Appellants argue that in order to hold the parent liable for damage caused during the commission of a theft offense, the specific conduct which actually causes the damage must be intentional, not merely negligent. Under appellants' reading of the statute, a parent would not be liable when a minor child steals a vehicle, then negligently operates the vehicle and causes damage to the vehicle. Second, appellants contend that the statute renders a parent liable for the minor child's theft offense only for the damage caused by the minors' acts in committing the theft offense (the initial taking of the property), but not any subsequent acts including damage caused by an individual's negligent driving. Thus, appellants argue that the trial court erred by concluding that parental liability attached for "all damage occurring after the commission of a theft offense by a minor whether the damage was caused by the theft offense or another cause."
We initially note that whether the trial court correctly construed the statute presents a question of law that we review independently.Stapleton v. Holstein (1998), 131 Ohio App.3d 596, 598, 723 N.E.2d 164,166. When construing a statute, a court first examines the statutory language. In re Hayes (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680. If the statutory language is plain and unambiguous, and conveys a clear and definite meaning, the court need not resort to rules of statutory interpretation. L.J. Minor Corp. v. Breitenbach (1996), 77 Ohio St.3d 168,171, 672 N.E.2d 636, 638. Rather, a court must apply, not interpret an unambiguous statute. Id.; see, also, Wray v. Wymer (1991),77 Ohio App.3d 122, 132, 601 N.E.2d 503, 509 (stating that "courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but * * * must give effect to the words used").
When construing a statute, words and phrases in the statute must "be read in context and construed according to the rules of grammar and common usage." R.C. 1.42; see, also, Independent Ins. Agents of Ohio,Inc. v. Fabe (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817. A court may not delete words that are used and may not add words that are not used. Cline v. Ohio Bur. of Motor Vehicles (1991), 61 Ohio St.3d 93, 97,573 N.E.2d 77, 80-81. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand.Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354, 357,533 N.E.2d 743, 746." Wymer, 77 Ohio App.3d at 132, 601 N.E.2d at 509.
Pursuant to R.C. 3109.09, a parent may be held liable for the destructive acts that the parent's child commits. R.C. 3109.09(B) provides as follows:
 Any owner of property * * * may maintain a civil action to recover compensatory damages * * * if the minor willfully damages property belonging to the owner or commits acts cognizable as a "theft offense," as defined in section 2913.01 of the Revised Code, involving the property of the owner.
This statute intends to impose parental liability if the property is damaged by the parent's minor child during the commission of a theft offense. We note that in 1978, the Ohio General Assembly amended R.C.3109.09. Prior to the 1978 amendment, the statute did not impose liability upon a parent for damage to property occasioned by acts cognizable as a theft offense. Before the 1978 amendment of R.C. 3109.09
which added the "theft offense" language, courts refused to impose vicarious liability upon the parent for damage caused by the negligent acts of the minor following a willful taking of another's property, ie., an act cognizable as a theft offense. See, e.g., Peterson v. Slone
(1978), 56 Ohio St.2d 255, 383 N.E.2d 886; Motorists Mutual Ins. Co. v.Bill (1978), 56 Ohio St.2d 258, 383 N.E.2d 880. For example, inPeterson, the Ohio Supreme Court held that the parent could not be vicariously liable for her child's stealing of a vehicle and subsequent negligent operation of the vehicle that caused damage to the plaintiff's automobile. Construing the phrase "willfully damages property," thePeterson court concluded that "in order that parents may be found liable for the tortuous acts of their minor children, both the initial act, as well as the subsequent injury, must be found to be intentional." Id.,56 Ohio St.2d at 257, 383 N.E.2d at 887.
Appellant urges us to follow the preamendment cases regarding the "willful" damage requirement. We note, however, that courts that have considered the subsequent "theft offense" amendment to R.C. 3109.09 have rejected the Peterson rationale as applied to theft offense damages. See, e.g., Evans v. Graham (1991), 71 Ohio App.3d 417, 594 N.E.2d 71;Nationwide Ins. Co. v. Love (1984), 22 Ohio App.3d 9, 488 N.E.2d 226. In rejecting the Peterson rationale, the Evans and Nationwide courts concluded that the legislature, by amending the statute to include recovery for damages occasioned by acts cognizable as a theft offense, intended to broaden parental liability pursuant to R.C. 3109.09.[2]
Following the 1978 amendment, courts have concluded that no showing need be made that the minor child intentionally damaged the property during the commission of a theft offense.[3] Rather, courts have held that it is sufficient to demonstrate that the damage occurred during the commission of the acts cognizable as a theft offense.
Thus, when a cause of action alleges that damage to property is caused by a theft offense, the complaining party need not prove that the minor child intentionally damaged the property. Rather, pursuant to R.C.3109.09(B), we believe that the complaining party need only prove that the property was damaged, intentionally or not, as a result of the commission of the offense. Cf. Evans, supra; Nationwide. See, also,Schirmer v. Losacker (1980), 70 Ohio App.2d 138, 434 N.E.2d 1388; Conoverv. McCutcheon (Apr. 4, 1990), Medina App. No. 1832, unreported. We therefore reject appellants' argument that the Peterson holding applies to the case at bar.
Moreover, we disagree with appellants' argument that the trial court broadly construed the statute to permit parental liability "for all damage occurring after the commission of a theft offense." The trial court did not necessarily conclude that the damage occurred after the acts cognizable as a theft offense had been completed. Rather, our review of the trial court's factual findings and legal conclusions leads us to believe that the trial court found that the damage occurred during the time that the minor children retained and controlled the stolen vehicle.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Judge
[1] Rather, the evidence must be such that a trier of fact "may reasonably determine that it is more likely than not that the defendant's negligence [was] the cause of the plaintiff's injury." Stone v. Davis(1981), 66 Ohio St.2d 74, 82, 419 N.E.2d 1094.
[2] In Nationwide, the court discussed the continued viability of thePeterson holding to claims involving damages occasioned by acts cognizable as a theft offense as follows:
 "Under the Ohio Supreme Court's holding in Peterson, supra, parental liability does not exist absent a showing that the minor child intentionally damaged the property. Such a holding led to the anomalous result that parents were not liable for damages to third-parties' property, even though the child * * * stole the property of the injured party and either received the proceeds from the sale of the stolen property or accidentally damaged the stolen property. In either case, the owner of the stolen property suffered the entire loss, without any remedy available to compensate him for the injury.
 To prevent such a result, and to increase the scope of parental liability, the Ohio Legislature amended R.C. 3109.09 * * * to grant property owners the right to bring a cause of action against `the parents having the custody and control of a minor under the age of eighteen years, * * * who commits acts cognizable as a "theft offense," as defined in section 2913.01 of the Revised Code, involving the property of such owner.' This amendment now authorizes two separate and independent causes of action against the parents of destructive children: the first action occurs when a child commits a willful act of property damage[;] the second action is when a child commits an act cognizable as a `theft offense' with such conduct subsequently resulting in property damage. * * *"
Nationwide, 22 Ohio App.3d at 12, 488 N.E.2d at 229-30.
[3] We note that the Ohio General Assembly is presumed to be aware of court decisions addressing R.C. 3109.09. Cf. Saccucci v. State FarmMutual Auto (1987), 32 Ohio St.3d 273, 276, 512 N.E.2d 1160, 1162 (citingTax Comm. Of Ohio v. Security Savings Bank (1927), 117 Ohio St. 443,450). Had the Legislature disagreed with the Evans and Nationwide
holdings, it could have manifested its disagreement by amending the statute.